## SUPREME COURT.

BAXTER & FULLER agt. ARNOLD, CONKLIN & BAILEY.

Where the notice in the summons contained a demand for money against two of the defendants only, and a demand for relief against all of the defendants, (there being three,) *held*, that the notice was *irregular*. Section 129 of the Code contemplates only one notice, or a notice under one of its subdivisions.

Where, however, the *complaint* contains the appropriate prayer for relief, upon the allegations of fact constituting the cause of action, and is served with the summons, the defendants can not be misled.

A notice of motion signed by the attorney for the defendant, generally, without stating that it is for the purpose of the *motion only*, is an *appearance*, generally, in the cause which waives an irregularity in the summons.

*Ontario Circuit and Special Term, February*, 1854. Separate motions by defendants Arnold and Bailey, (who appear by different attorneys,) to set aside the summons and the service thereof, and all other papers served in the action, for irregularity. The complaint was served with the summons, together with a copy of an injunction and affidavits, upon which the injunction was granted. The summons contained the title of the cause, the name of the court and county, and required the defendants to appear and answer the complaint of the plaintiffs, a copy of which was stated to be therewith served on the defendants within twenty days, &c., and concluded as follows:

" And if you fail to answer said complaint as hereby required, the plaintiffs will take judgment against Chester O. Arnold and John S. Conklin for nine hundred dollars and sixty-two cents, with interest thereon from the 27th day of January, 1854, besides costs, and against all the defendants for the relief demanded in the complaint."

The complaint sets forth, in the first place, that the defendants Arnold and Conklin are partners and merchants under the name of Arnold & Company, and that they were indebted to the plaintiffs in the sum mentioned in the summons for goods sold and delivered, &ç., which the defendants have not paid; and the plaintiffs, therefore, demand judgment against said defendants, Arnold and Conklin, for the said sum of $900.62. The complaint then contains statements and allegations showing that the defendants, Arnold and Bailey, have entered into an arrangement, by which Arnold, claiming to have the power to do so, has made a fraudulent sale of a large portion of the goods of the firm of Arnold & Conklin, which the latter claims to be the owner of, and threatens to take possession of: that all the defendants are insolvent, and that said pretended sale was made with the intent, on the part of the said Arnold and Bailey, to defraud the creditors of the said firm of Arnold & Co. The complaint then prays that the defendants may be enjoined from selling or disposing of the said goods, or any of the goods of said firm; and that Bailey may be enjoined from selling, disposing of, or intermeddling with or attempting to get possession of said goods, or any part thereof, claimed or pretended to have been sold to him by said Arnold, and that a receiver be appointed, &c.; and that the judgment that may be obtained thereon be satisfied from such property or the proceeds thereof.

The notices of the motions contain six specifications of irregularity, as follows :—

1. The summons contains a notice that the plaintiffs will take judgment for a sum specified therein in an action arising on contract, and joins therewith a notice also, that the plaintiffs will apply to the court for the relief demanded in the complaint in violation of section 128 of the Code.

2. The demand for money is against two of the defendants only, while the demand for relief is against all the defendants.

3. The summons does not contain a notice as required by the Code.

4. It contains two notices which are repugnant to each other, and which cannot be joined in the same summons.

5. It is not directed as required by law.

6. It is not dated, nor is it in the manner and form required by law.

The notices are signed, in the one case, "Mallory & Robinson, Attorneys for defendant Arnold;" and in the other, "E. G. Lapham, Attorney for defendant, J. B. Bailey."

The motions were argued by

D. A. ROBINSON, *for defendant Arnold.*

E. G. LAPHAM, *for defendant Bailey.*

A. WORDEN & H. O. CHESEBRO, *for plaintiffs.*

WELLES, Justice. I think the plaintiffs were strictly irregular in the form of the notice contained in the summons. It should have been simply that the plaintiffs would apply to the court for the relief demanded in the complaint. The 129th section of the Code evidently contemplates but one notice, or a notice under one of the subdivisions of the section, and not both. Perhaps the notice that the plaintiffs would take judgment in default of an answer for the sum mentioned might be regarded as surplusage. The defendants, however, in this case cannot be misled, as a copy of the complaint was annexed to the summons, by which they were fully apprised of what they were called upon to answer. If there was an improper joinder of parties or causes of action, or if the prayer for judgment was not adapted to the case made by the complaint, the defendants' remedy was by demurrer or motion to strike out portions of the complaint. The defendants cannot suffer, therefore, by the variance complained of, and unless compelled by some inflexible rule of practice or provision of the statute to set aside the plaintiffs' proceedings, I shall feel disposed to deny the motions.

It has been repeatedly held that an appearance in the action

by the defendant was a waiver of the irregularity in the summons. (Dix agt. Palmer, 5 *How. Pr. R.* 233; Webb agt. Mott, 6 *id.* 439; Hewett agt. Howell, 8 *id.* 346.) In this case the moving defendants have both appeared. I know it was contended on the argument that here was no appearance. There had been no separate notice of retainer, it is true, but in giving notice of these motions the attorneys have signed their names generally as attorneys for their clients respectively. This, in my judgment, amounts to an appearance for all purposes. If it was not so intended, but the appearance was for a specific purpose; for example, the making of these motions, the limitation should have been stated in the notice. It was held by this court under its former organization, that a notice of bail necessarily imported a notice of retainer. (Teunis agt. Quick, 3*d Caine's Rep.* 133.) I have no hesitation, therefore, in denying the motions. This view covers and disposes of all the grounds of irregularity stated in the notice of motion, which are all that can be considered by the court.

The motions are denied, without costs.