THEODORE MARTINE, RESPONDENT, *v.* ANNA LOWEN–STEIN AND HENRY M. LOWENSTEIN, APPELLANTS.

*Foreclosure suit — when party to may appear.*

A party to a suit brought for the foreclosure of a mortgage may serve a notice of appearance at any stage of the action (*e. g.*, after entry of judgment), and is then entitled to notice of all subsequent proceedings.

APPEAL from an order of the Special Term denying defendants' motion for leave to be heard upon exceptions to the report of a referee.

*Samuel J. Crooks*, for the appellants.

*A. J. Vanderpoel*, for the respondent. Notice of appearance after judgment does not entitle the party serving such appearance to notice of any proceedings upon such judgment. (*Abbott* v. *Smith*, 8 How. Pr., 463; *Lynds* v. *West*, 12 Wend., 235; *White* v. *Featherstonhaugh*, 7 How. Pr., 357.)

DAVIS, P. J.:

This was an action to foreclose a mortgage. The appellants were made parties defendant, as owners of the equity of redemption. They did not appear and defend the action, and judgment was entered against them by default, for want of an answer, on the 14th

May, 1872. On the 31st May, 1872, the defendants served affidavits and notice of motion that the judgment be opened, and that the defendants be let in to defend, which motion papers were indorsed, F. W. Townsend, attorney for defendants Lowenstein. No other notice of appearance was served. The motion was heard and denied on the 12th July, 1872, when the defendants, by their attorney, served notice of appeal from the judgment, and from the order denying the motion. Afterward, and on the 25th June, 1873, on the consent of R. W. Townsend, an order was entered *ex parte*, substituting Samuel I. Crooks as attorney for said defendants. The mortgaged premises were sold by a referee appointed for that purpose by the court, and said referee filed his report of said sale with the clerk on the 23d September, 1873. No notice of the filing of such report was given to the appellants or their attorney, and on the 27th of October, 1873, the appellants' attorney filed with the clerk exceptions to the report of the referee, and served upon him, and upon the attorney for the plaintiff in the action, copies thereof, which were returned to said attorney on the twenty-ninth October following, with the indorsement that they were served too late ; that the report was filed " more than eight days ago." The motion that the exceptions be heard was denied, on the ground, as it appears by the memorandum indorsed by the judge on the papers, that the defendants did not appear in the action until after judgment had been rendered by default, and were not entitled, under rule 39 of this court, to file exceptions to the report of the referee. The appearance on the part of the appellants, which was by attorney, was made in a form which has been recognized by the cases as sufficient. (*Kelsey* v. *Covert*, 6 Abb., 336 ; *McKenster* v. *Van Zandt*, 1 Wend., 13 ; *Baxter* v. *Arnold*, 9 How. Pr., 445.) The service of the motion papers, with the indorsement above stated, was therefore a sufficient appearance in form in the action. Notwithstanding the defendants had no defense to the action, they still had the right to appear therein, for the purpose of preventing any misapplication of the avails of their property, when sold, and to see that a proper surplus was produced and properly applied, and they can, we think, appear even after judgment, for the purpose of taking care of their interests in any subsequent proceedings that must necessarily be taken by the plaintiff. It was the rule in chancery

that a party who had appeared in a case was entitled to notice of such subsequent proceedings as might affect his rights or interest, although he is in contempt, and a bill has been taken, as confessed, for want of an answer. (1 Barb. Ch. Pr. [2d rev. ed.], 78; *King v. Bryant*, 3 M. & C., 191.) It is difficult to see any sound reason which should preclude a party from appearing at any stage of a foreclosure suit, to supervise proceedings that may affect his interest, yet remaining to be taken in the suit. If this be not permitted, gross abuse highly injurious to him may occur, which he will be powerless to prevent. Rule 39 of this court contemplates and requires service of notice of the filing of a referee's report upon all parties entitled to notice, and the report does not become absolute and stand as in all things affirmed at the expiration of eight days from the filing, but at the expiration of eight days from the service of notice of the filing of the same. Hence, where no such notice is served upon a party entitled to notice, the report is not affirmed by the rule so as to preclude such party from filing his exceptions at any time. In this case we think the appellants were entitled to notice of the filing of the report, which should have been served upon their attorney, and that their exceptions, although filed more than eight days after the report of the referee was filed, were in time. The motion to bring them to a hearing was therefore regular and it ought not to have been denied. The order of the court below must be reversed with ten dollars costs, besides disbursements.

DANIELS and BRADY, JJ., concurred.

Ordered accordingly.