Daniels, J.
The act of subscribing himself as attorney for the defendant to the notice of motion, served for the exoneration of the sheriff from liability as bail, was probably sufficient to constitute an appearance for the purpose of waiving mere irregularities(Baxter v. Arnolds, 9 How. Pr. 445; Kelsey v. Davis, 15 Id. 93; Ayers v. Western R. R. Co., 48 Barb. 132).
But while it may very well have been attended with that result, it was still insufficient to entitle the attorney to notice of other and entirely different proceedings in the action. To require the service of notice of such proceedings, when no demurrer or answer has been served, a formal notice of appearance has been rendered necessary by the provisions of the Code of Civil Procedure {Id. §§ 431, 433). And it is quite evident from the affidavits produced on this motion, that no such notice was served on the plaintiff’s attorney, at any time. The consequence of that omission is, that the application for judgment, the reference ordered and executed under it, and the judgment afterwards entered upon the report of the referee, were regular. But as the defendant swears to merits, and excuses his default, he should be let in to defend.
The judgment, order, and report must, for that reason alone, be set aside, and the defendant allowed *232 to answer within ten days, on payment of $10 costs of opposing the motion, and the expenses attending the proceedings set aside.
II. General Term, July, 1880.
Appeal from an order of the Erie special term, exonerating the defendant as bail in an action brought by the plaintiff herein against one William T. Warren, and discontinuing the present action.
The action against Warren was for the conversion of moneys collected by him in a fiduciary capacity. The plaintiff caused him to be arrested by the sheriff, who took from him bail, and they were excepted to, and failed to justify. The plaintiff recovered judgment against Warren, and issued an execution against his property, which, being returned unsatisfied, she issued an execution against the person, which the sheriff, the defendant, Haberstro, returned “not found.” That return was made on April 3, 1879.
The present action was commenced against Haberstro on April 10. On April 15, Haberstro again took Warren into custody, and held him until April 23, when he released him upon his giving an undertaking, conditioned that he would at all times render himself amenable to the process of the court during the pend-ency of the action against him, and to such as might be issued to enforce the judgment therein. On April 28, Haberstro and the bail who had failed to justify seized Warren, and turned him over to the custody of one of the coroners of Erie county, and thereupon obtained an order made by the special term of this court exonerating them as bail, which order was reversed by the general term, in October, 1879 (19 Hun, 1). On being surrendered to the coroner, Warren gave him an undertaking, and was permitted to go at large. On October 27, Haberstro, not having answered, plaintiff entered judgment against him by default. *233 On November 15, Haberstro obtained a special term order giving him leave to answer, upon an affidavit in which he swore to merits, and excused his default in not answering. He noticed the cause for trial at the February circuit, 1880. It went upon the day calendar, and was placed as a preferred cause, and while it was in that position he again arrested Warren, and on February 35 moved and obtained the order from which this appeal was taken.
John Campbell Subbell, for appellant.
Osgoodby, Titus & Moot, for respondent.
Smith, J.
By the failure of the original sureties to justify, the defendant became liable as bail, and as such had the right to be exonerated on surrendering Warren to the jail before the expiration of the time to answer in the action against himself. And the special term had power to grant him such further time, after answer, as it deemed just, to make such surrender (Code Civ. Pro. § 601).
But to entitle the sheriff to such relief, after the time for answering had expired, it was incumbent on him to show a substantial and sufficient excuse for permitting the defendant in the execution to be at large. That, we think, he failed to do. The time to answer expired on April 30, 1879, and the application to be exonerated on surrendering the defendant was not made until nearly ten months thereafter. If it is to be assumed that the order of the special term exonerating him was a sufficient excuse so long as it was in force, it avails him nothing after it was reversed. From the last of October to the latter part of February he was without any excuse whatever, so far as the papers show.
True, he alleged, in vague and general terms, that he was unable to find Warren after diligent inquiry, but he did not state specific facts. He did not dis *234 close the nature of his inquiries, of whom made, or what information he received in reply to them. On the other hand, the opposing affidavits state positively that, with the exception of four weeks, Warren was openly in the city of Buffalo, from October to February, and that during that period he saw and conversed with the sheriff, his deputy, or attorney, on several occasions. The course -of practice pursued by the defendant in the action against him indicates very clearly that he had no intention of re-arresting Warren until the suit against the sheriff was about to be forced to trial.
Although the question involved in the defendant’s motion is one of discretion, to a great extent, yet it is our duty to review the evidence. We have done so, and are satisfied that the defendant is without excuse.
The order should be reversed, with $10 costs, and disbursements.
Talcott, P. J., and Haediet, J., concurred.
Order accordingly.