BELL *v.* GOOD.

*(City Court of New York, General Term.　July 1, 1892.)*

1. CITY COURT OF NEW YORK—NONRESIDENTS—AMENDMENT OF SUMMONS.

Code Civil Proc. § 3165, subd. 2, provides that when an order from the city court of New York directing service of summons without the city, or by publication, is granted, the summons must state that defendant is required to answer within 10 days; but that if a summons requiring defendant to answer within a shorter time has been issued before an order is granted, the justice may direct that the summons be amended, and thereupon the summons published or served without the city pursuant to the order must correctly state the time. *Held,* that service of summons on a nonresident, requiring him to answer within 6 days, where no subsequent order of amendment was made, conferred no jurisdiction over defendant.

2. SAME—AMENDMENT AFTER JUDGMENT.

The amendment of such summons could not be made after entry of judgment on defendant's default, the court having acquired no jurisdiction by service of the six-days summons.

**3.** SAME—EXTENSION OF TIME TO ANSWER—WAIVER.

    The act of defendant's attorney in procuring an extension of 20 days in which to answer was no waiver of the irregular service of the summons, so as to confer jurisdiction.

Appeal from special term.

Action by Carrie W. Bell against James W. Good. From an order resettling an order denying defendant's motion to vacate a judgment by default, defendant appeals. Reversed.

Argued before McGown, Van Wyck, and Fitzsimons, JJ.

*Carpenter & Hassett,* for appellant. *Jeroloman & Arrowsmith,* for respondent.

McGown, J. Upon an affidavit made by one of plaintiff's attorneys, setting forth, among other things, that the defendant is a nonresident of the state; that he resided in the state of Connecticut; and upon the complaint herein,—an order was made on September 2, 1891, that the service of the summons herein be made by publication, or, at the option of the plaintiff, by service of the summons and a copy of the complaint, and of this order, without the state, upon said defendant personally, and that on or before the day of the first publication the plaintiff deposited at the post office in the city and county of New York a set of copies of the summons and complaint herein, and of the order, in a securely closed postpaid wrapper, directed to said defendant at Roxbury, Conn., his last-known place of residence. The summons referred to bears date April 17, 1891, and directed the defendant to answer the complaint and to serve a copy of his answer on plaintiff's attorneys within six days after the service thereof, etc. The action was brought, as stated in the complaint, to recover the amount of two checks, drawn by defendant upon the Importers' & Traders' Bank. Service of the summons, complaint, affidavit, and order of publication and notice was made on the 9th day of September, 1891, in the state of Connecticut, on the defendant personally. An affidavit made by John Jeroloman, one of plaintiff's attorneys, on the 14th day of December, 1891, states "that no answer, demurrer, or notice of appearance has been received or served in pursuance of the requirement of the summons in said action, except to appear herein by attorney on November 12, 1891, and obtain twenty days' further time to answer, but that said defendant has not answered within said extended time, and is in default herein," etc.; and on December 15, 1891, a judgment was entered by plaintiff's attorneys against said defendant for the sum of $434.78, amount claimed, interest, and costs. On December 23, 1891, an order was granted by one of the justices of this court directing plaintiff to show cause on December 28, 1891, why the service of the summons herein, and judgment entered December 15, 1891, should not be set aside upon the ground, among others, of irregularity in the form and service of the summons, etc., and an order was entered on or about January 18, 1892, whereby it was "ordered that said motion be, and the same hereby is, denied, with leave to defendant to move to open default on the merits in another motion if he so desire." On January 25, 1892, an order was granted requiring plaintiff to show cause on January 28, 1892, why the order entered on January 18, 1892, should not be vacated or resettled, or why a reargument should not be granted, etc. And on January 19th an order was made, as follows: "Ordered that the order entered herein, on or about January 18, 1892, be resettled by the entry of this order, and that said motion to vacate the judgment entered herein be, and the same hereby is, denied, with leave to the defendant to move to open the default on the merits in another motion if he so desire." And it is from this order that defendant appeals.

Section 3165, subd. 2, Code Civil Proc., provides that "when an order, directing service of the summons without the city of New York, or by publication, is granted, the summons must state that the time within which the defendant must serve a copy of his answer is ten days after service thereof, exclu-

sive of the day of service;" and further provides: "If the summons requiring the defendant to answer within a shorter time has been issued  *  *  * before an order specified in this subdivision is granted, the justice granting such an order may direct that the summons be amended accordingly, and thereupon the summons published or served without that city pursuant to the order must correctly state the time." The summons served herein required the defendant to serve his answer within six days. No direction was made by the justice granting the order that the summons be amended, and the same was not amended as required by subdivision 2, § 3165, above cited. The court, for this reason, therefore, never acquired jurisdiction of the defendant. No motion has been made to amend the summons, nor could such amendment be made if such motion should be made and granted now, as the court did not acquire jurisdiction by the service of the six-days summons. Where an attachment or other provisional remedy is granted as provided by section 416 of the Code, the court acquires jurisdiction from the time of the granting of the attachment, and has control of all subsequent proceedings. In this case it does not appear from the case on appeal that an attachment or other provisional remedy was applied for or granted. Section 3165 of the Code, forming part of article 2, tit. 1, of chapter 20, entitled "The Marine Court of the City of New York," (name changed to "City Court,"—Laws 1883, c. 26,) provides that "the summons in an action brought in the court must state that the time within which the defendant must serve a copy of his answer in six days after the service thereof,  *  *  *  except in one of the following cases." Subdivision 2: "Where an order, directing service of the summons without the city of New York, or by publication, is granted, the summons must state that the time within which the defendant must serve a copy of his answer is ten days," etc. Section 3170 provides that "an order, directing the service of a summons, either without the city of New York or by publication, may be granted by the court or by a justice thereof; but only in a case where a warrant of attachment has been issued, as prescribed in the last section, and personal service of the summons cannot be made with due diligence within that city," etc. See *Kierst* v. *Von Biela*, 1 City Ct. R. 243; *Gibbon* v. *Freel*, 65 How. Pr. 273. A voluntary appearance of the defendant herein, however, would cure the irregularities in the service of the summons, and confer jurisdiction. It is claimed by the plaintiff that there was an appearance herein by the defendant. Section 421 of the Code provides that "the defendant's appearance must be made by serving upon the plaintiff's attorney  *  *  *  a notice of appearance, or a copy of a demurrer or of an answer. A notice or pleading so served must be subscribed by the defendant's attorney, who must add to his signature his office address," etc. It is not claimed that any such notice of appearance was served herein. Plaintiff's attorney Jeroloman swears "that on the 1st day of November, 1891, a person from the defendant's attorneys' office obtained twenty days' further time to answer, and at the expiration of said twenty days an application for further time to answer was applied for by a clerk from defendant's attorneys' office, and he was told by deponent to file his answer. His excuse for asking time was on account of the absence of Mr. Carpenter, the defendant's attorney; that the defendant's attorney has a paper extending defendant's time to answer 20 days from November 12, 1891." Freeman, a clerk in the office of Jeroloman & Arrowsmith, plaintiff's attorneys, swears "that he remembers the time the young man called from the office of Carpenter & Hassett, the attorneys for the defendant herein, and wanted to obtain further time in which to answer the complaint;  *  *  *  that he well knows the said young man, whose name is George Eckhard,  *  *  *  and knows he was then employed by the said defendant's attorneys, Carpenter & Hassett." The affidavits on the part of the defendant allege in substance that defendant never appeared in the action, and that George Eckhard, above re-

ferred to, was not authorized to appear for the defendant. Philip Carpenter swears that "I am one of the attorneys for the defendant in making this motion. No notice of appearance of the defendant in this action was served. Nor did I, nor did the firm of Carpenter & Hassett, or any other attorney to my knowledge, appear for him in the action; nor was any one in our office authorized to appear for the defendant in any way. I never asked plaintiff's attorneys for any extension of time to answer, nor authorized any such request." It appears, however, uncontradicted, that an extension of time for 20 days was given to defendant to answer, and that he received the benefit of it. Conceding that defendant's attorneys obtained an extention of time for defendant to answer as alleged in plaintiff's affidavits, after a careful examination of all the authorities referred to and cited in the briefs submitted by the attorneys for the plaintiff and defendant, in the absence of any other evidence as to defendant's appearance, I do not think that the mere obtaining of such extension was a sufficient appearance on the part of the defendant to operate as a waiver to the irregularities in the service of the summons and to confer jurisdiction.

Order appealed from must be reversed, with costs. All concur.