PAINE LUMBER CO., Limited, v. GALBRAITH et al.

(Supreme Court, Appellate Division, Second Department. February 7, 1899.)

APPEARANCE—EXTENSION OF TIME TO ANSWER — SERVICE OF ANSWER BY AN-OTHER ATTORNEY.

The fact that an attorney subscribes himself as attorney for defendant, and stipulates for an extension of the time to answer, is not such an appearance as prevents the service of an answer signed by another attorney without substitution.

Appeal from special term, Kings county.

Action by Paine Lumber Company, Limited, against Andrew Galbraith, impleaded with Inness Galbraith. From an order granting their motion that plaintiff's attorney be directed to accept an answer, but requiring them to pay costs and stipulate to try on a specified date, defendant Andrew Galbraith appeals. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

C. Arthur Coan, for appellant.

John J. McKelvey, for respondent.

WILLARD BARTLETT, J. The answer which the appellant attempted to serve was signed by C. Arthur Coan, as defendant's attorney. The plaintiff's attorney declined to receive it, on the ground that this defendant had appeared by Charles S. Bloomfield as his

attorney, and that Mr. Coan had not been substituted for Mr. Bloomfield. There is no contention that the appellant had ever appeared in the action in the manner prescribed by section 421 of the Code of Civil Procedure. Mr. Bloomfield, however, had obtained from the plaintiff's attorney four extensions of time for the defendant to answer. One of these stipulations expressed the extension to be upon condition that the rents of the mortgaged premises should be paid to the plaintiff's attorney, and it was signed, not only by the attorney for the plaintiff, but by Charles S. Bloomfield, defendant's attorney. The position of the respondent is that, by thus obtaining these extensions, the appellant appeared in the action by Mr. Bloomfield as his attorney, and that, until another attorney was substituted, the appellant could not put in an answer signed by any one else. Code Civ. Proc. § 520. The appellant, on the other hand, insists that all that was done by Mr. Bloomfield did not amount to an appearance, and that he was still at liberty to put in an answer, and thus appear in the action by any other attorney whom he saw fit to employ. If so, his answer should not have been returned, and the direction to the plaintiff's attorney to receive it should not have been made by the special term, conditional upon the payment of costs.

It has been held at special term in New York county that the action of attorneys in behalf of a defendant in obtaining an extension of time to answer, either by stipulation from the plaintiff's attorney or by an order from a judge, does not constitute a general appearance by such attorney. Benedict v. Arnoux, 38 N. Y. Supp. 882. This decision is cited with approval by the New York appellate term in Wood v. Furtick, 17 Misc. Rep. 561, 40 N. Y. Supp. 687 (Bischoff, Daly, and McAdam, JJ.), where it is said that the better opinion seems to be that a general appearance can now be effected in no other way than as prescribed in section 421 of the Code. To the same effect is Valentine v. Depot, 36 Hun, 201, where the general term of this department held that a notice of motion, signed by an attorney of the court, to have the complaint made more definite and certain, did not constitute an appearance by the defendant corporation in whose behalf it was served, and that the plaintiff might, nevertheless, discontinue the suit without costs, the position of the defendant being that of a party who had not appeared. We think a correct construction of section 421 of the Code was adopted in the cases cited, and that it should be adhered to as establishing a definite rule of practice, the strict observance of which will do much to prevent vexatious misunderstandings between attorneys. While the act of Mr. Bloomfield in subscribing himself as attorney for defendants may have sufficed to operate as a waiver by defendants of irregularities, or even as an affirmative submission to the jurisdiction of the court, under the authority of Douglas v. Haberstro, 8 Abb. N. C. 230, and like cases, it was not an appearance which prevented the service of an answer signed by another attorney without substitution. Since, therefore, the appellant had not appeared in the action until he served the answer signed by Mr. Coan, he was entitled to have that answer received as a matter of

right, and the order below was erroneous in so far as it imposed any conditions upon him.

Order modified, so as to omit the requirement that the appellant shall pay $25 costs, and stipulate to try the case on a date specified, and, as thus modified, affirmed, without costs of this appeal. All concur.