Paine Lumber Company, Limited, Respondent, v. Andrew Galbraith, Appellant, Impleaded with Inness Galbraith.

*Appearance — a stipulation extending the time to answer, signed by one attorney as "defendant's attorney," does not prevent the service of the answer by another attorney — its effect as a waiver of irregularities and of objections to jurisdiction.*

The obtaining of stipulations, extending the defendant's time to answer, by an attorney who signs one of the stipulations as the defendant's attorney, does not amount to an appearance by the defendant by that particular attorney, and he is at liberty to serve an answer by any other attorney whom he sees fit to employ.

*Quære,* whether the act of the attorney in subscribing himself to the stipulation as attorney for the defendant would operate as a waiver by the defendant of irregularities or as an affirmative submission to the jurisdiction of the court.

APPEAL by the defendant, Andrew Galbraith, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 29th day of October, 1898, requiring the defendant, as a condition of granting his motion, that the plaintiff's attorney be directed to accept said defendant's answer, to pay the plaintiff twenty-five dollars costs, and to stipulate to try the action on a day specified in the order.

*C. Arthur Coan,* for the appellant.

*John Jay McKelvy,* for the respondent.

WILLARD BARTLETT, J.:

The answer which the appellant attempted to serve was signed by C. Arthur Coan as defendant's attorney. The plaintiff's attorney declined to receive it on the ground that this defendant had appeared by Charles S. Bloomfield as his attorney, and that Mr. Coan had not been substituted for Mr. Bloomfield. There is no contention that the appellant had ever appeared in the action in the manner prescribed by section 421 of the Code of Civil Procedure. Mr. Bloomfield, however, had obtained from the plaintiff's attorney four extensions of time for the defendants to answer. One of these stipulations expressed the extension to be upon condition that the rents of the mortgaged premises should be paid to the plaintiff's attorney, and it was signed not only by the attorney for the plaintiff but by Charles S. Bloomfield, defendants' attorney. The position of the respondent is, that by thus obtaining these extensions, the appellant appeared in the action by Mr. Bloomfield as his attorney, and that until another attorney was substituted the appellant could not put in an answer signed by any one else. (Code Civ. Proc. § 520.) The appellant, on the other hand, insists that all that was done by Mr. Bloomfield did not amount to an appearance, and that he was still at liberty to put in an answer and thus appear in the action by any other attorney whom he saw fit to employ. If so, his answer should not have been returned, and the direction to the plaintiff's attorney to receive it should not have been made by the Special Term conditional upon the payment of costs.

It has been held at Special Term in New York county that the

action of attorneys in behalf of a defendant in obtaining an extension of time to answer, either by stipulation from the plaintiff's attorney or by an order from the judge, does not constitute a general appearance by such attorney. (*Benedict* v. *Arnoux*, 38 N. Y. Supp. 882.) This decision is cited with approval by the New York Appellate Term in *Wood* v. *Furtick* (17 Misc. Rep. 561, BISCHOFF, DALY and McADAM, JJ.), where it is said that the better opinion seems to be that a general appearance can now be effected in no other way than as prescribed in section 421 of the Code. To the same effect is *Valentine* v. *Myers' Sanitary Depot* (36 Hun, 201), where the General Term of this department held that a notice of motion, signed by an attorney of the court, to have the complaint made more definite and certain, did not constitute an appearance by the defendant corporation in whose behalf it was served, and that the plaintiff might nevertheless discontinue the suit without costs, the position of the defendant being that of a party who had not appeared.

We think a correct construction of section 421 of the Code was adopted in the cases cited, and that it should be adhered to as establishing a definite rule of practice, the strict observance of which will do much to prevent vexatious misunderstandings between attorneys. While the act of Mr. Bloomfield in subscribing himself as attorney for defendants may have sufficed to operate as a waiver by defendants of irregularities or even as an affirmative submission to the jurisdiction of the court, under the authority of *Douglas* v. *Haberstro* (8 Abb. N. C. 230) and like cases, it was not an appearance which prevented the service of an answer signed by another attorney without substitution. Since, therefore, the appellant had not appeared in the action until he served the answer signed by Mr. Coan, he was entitled to have that answer received as a matter of right, and the order below was erroneous in so far as it imposed any conditions upon him.

All concurred.

Order modified, so as to omit the requirement that the appellant shall pay twenty-five dollars costs, and stipulate to try the case on a date specified; and as thus modified, affirmed, without costs of this appeal.