(88 App. Div. 274.)

### LITTAUER et al. v. STERN.

(Supreme Court, Appellate Division, Third Department. November 11, 1903.)

1. APPEARANCE—EXTENSION OF TIME TO ANSWER.

Code Civ. Proc. § 421, provides that defendant's appearance must be made by service on the plaintiff's attorney, within 20 days after service of summons of a notice of appearance, or of a copy of a demurrer or an answer; section 422 provides that a defendant upon whom the plaintiff has served, with the summons, a copy of the complaint, must serve a copy of his demurrer or answer upon the plaintiff's attorney before the expiration of the time to answer; section 781 declares that where the time within which a proceeding in an action, after its commencement, must be taken, has begun to run, and has not expired, it may be enlarged upon an affidavit showing ground therefor; and section 1212 makes provision for the entry of judgment by default in case a defendant has made a default in either appearing or pleading. *Held*, that an order, under section 781, made before appearance, giving defendant an extension of time to plead, impliedly extends the time to appear, to the extent, at least, of preventing plaintiff from obtaining judgment by default for failure to appear within the time required by section 421.

Parker, P. J., dissenting.

Appeal from Special Term, Fulton County.

Action by Lucius N. Littauer and another against James Stern. From an order vacating a judgment by default, plaintiffs appeal. Affirmed.

The action was commenced by the service of summons and complaint upon April 23, 1903. Upon the 9th of May following, the defendant procured an order extending his time to answer 20 days. A copy of this order and of the affidavits upon which it was obtained was sent to the plaintiffs' attorney,

with the following notice: "Take notice: That the enclosed is a copy of an order this day granted by Judge Kellogg in the within action. Dated May 9, 1903. Hiram C. Todd, Attorney for Defendant. To Andrew J. Nellis, Attorney for Plaintiff." On May 14, 1903, judgment was entered as upon the defendant's default, and execution issued to the sheriff, who made a levy. Thereafter defendant made a motion to set aside the judgment as "irregular, it having been entered in the Fulton county clerk's office after an affidavit and order extending defendant's time to plead twenty days had been duly served upon the plaintiffs' attorney, and before said extension of time to plead had expired, and that said plaintiffs' attorney had failed to return said affidavit and order to defendant's attorney with notice of any defects in said affidavit and order extending defendant's time to plead." From the order entered upon the granting of this motion, plaintiffs have appealed.

Argued before PARKER, P. J., and SMITH, CHASE, and CHESTER, JJ.

Andrew J. Nellis, for appellants.
Hiram C. Todd, for respondent.

SMITH, J. Section 421 of the Code of Civil Procedure provides that the defendant's appearance must be made by the service upon the plaintiff's attorney, within 20 days after service of the summons, of a notice of appearance, or a copy of a demurrer or of an answer. By section 422 of the Code it is provided that a defendant upon whom the plaintiff has served with the summons a copy of the complaint must serve a copy of his demurrer or answer upon the plaintiff's attorney before the expiration of the time within which the summons requires him to answer. By section 781 of the Code it is provided that where the time within which a proceeding in an action, after its commencement, must be taken, has begun to run, and has not expired, it may be enlarged, upon affidavit showing grounds therefor, by the court, or by a judge authorized to make an order in the action. Section 1212 makes provision for the entry of judgment by default in case a defendant has made default either in appearing or pleading. Under the decision in the case of Paine Lumber Company v. Galbraith, 38 App. Div. 68, 55 N. Y. Supp. 971, it would seem that it cannot be held that the service of an order extending the time to answer in itself constitutes an appearance, under the Code as it now reads. In Bragelman v. Berding, 15 Abb. Prac (N. S.) 22, Judge Daly, at Special Term, says that he knows of no practice which permits of an extension of time to appear.

The different provisions of the Code must be read together, and must be so construed as not to present an absurd system of practice. An order extending the defendant's time to answer or demur is wholly ineffective if the plaintiff is left at liberty to enter judgment by default notwithstanding such order. In common practice, the service of a notice of appearance with the service of such an order would be regarded as surplusage, and the court cannot wholly ignore, in construing the effects of a practice provision of the statute, the commonly accepted interpretation of such provision by the bar of the state. I am not prepared to wholly accept the dictum of Judge

Daly in the Bragelman Case, cited, that there is no authority for extending the time to appear. It would seem to me that such authority came directly within the provisions of section 781 of the Code. It would be difficult to conceive of a case which would move the court to grant an order extending the time to appear, except where such order was made in connection with an order extending the time to answer; and an extension of time to answer may fairly be construed to contain by implication, if such be necessary, an extension of the time to appear, so far, certainly, as to deny to a plaintiff the right to ignore the order extending the time to answer, and to proceed as upon a default. Within this construction, the defendant was never in default, and the order of the Special Term was right.

Order affirmed, with $10 costs and disbursements. All concur, except PARKER, P. J., who dissents in opinion.

PARKER, P. J. (dissenting). I cannot concur with the decision of the court in this appeal. The action is one specified in section 420 of the Code, and a copy of the complaint was served with the summons. In such an action, section 1212 provides that, if the defendant has made default in appearing, judgment by default may be taken against him upon making the proper proof to the clerk as therein provided. It further provides that if he has appeared, but made default in pleading, a like default may be taken against him. The defendant in this action did not make any default in pleading, because he regularly obtained an order from a judge of this court extending his time to plead, but he did make default in appearing. Section 421 provides how appearance shall be made, to wit, by serving upon the plaintiff's attorney, within 20 days after the service of a summons, etc., "a written notice of appearance, or a copy of a demurrer or answer." No notice of appearance was served within 20 days. Neither was any copy of a demurrer or answer. Therefore, within the provisions of section 1212, a clear case of default in appearing was made by this defendant. But it is argued that defendant did not make default in appearing, because his time in which to do so was extended by the order which allowed him additional time in which to plead. Conceding that, under the provisions of section 781, the judge might have included such an extension in that order, it is plain that none such was asked. No excuse was given why defendant should not appear at once in the manner required by section 421, and there is no hint or suggestion in the order itself that he was excused from so doing. Nor is it claimed that the order, in terms, grants such an extension, but my Brethren think that an extension of time in which to appear is implied in an extension of time in which to plead—in other words, that, notwithstanding the provisions of section 1212, there is only one method in which a default can be made, and that is by omitting to plead within the time required. But why disregard the plain provision of section 1212? If, as urged upon the argument, the order extending the time to plead was rendered nugatory unless it also operated as an exten-

sion of time in which to appear, there might be some reason for thus condemning the practice required by the Code, but no such result need follow. The attorney has but to indorse on the back of his order a notice of his appearance in the action, properly signed, as required by section 421, and he has then acquired the full benefit which the order was intended to give him. By section 421 the service of a pleading is made an appearance, but when, for any reason, such service is delayed until after the expiration of the 20 days, the written notice then provided for takes its place. No reason is apparent, therefore, why the practice so provided for should not be followed, instead of inserting into an order, by implication, an extension that is not only not there, but which is utterly unnecessary to pretend is there. The judge's order operated to give the defendant all that it was intended to give him, and it became ineffectual only because the defendant has made default in a further proceeding that the Code expressly requires of him. In Paine Lumber Co. v. Galbraith, 38 App. Div. 68, 55 N. Y. Supp. 971, it is held, in substance, that the only regular way in which to appear in an action is that provided for in section 421, and that such method should be insisted upon.

I conclude that the defendant was clearly in default, within the provisions of section 1212 of the Code, and that judgment for that reason was properly taken against him. The order which vacates it as having been irregularly taken should be reversed, with costs, without prejudice to defendant's applying to open such judgment upon terms, and after a satisfactory excuse for his default.