[L. A. No. 6361. In Bank.—August 11, 1920.]

## DON DAVENPORT, Petitioner, v. THE SUPERIOR COURT OF IMPERIAL COUNTY, Respondent.

[1] CORPORATIONS—SERVICE OF PROCESS UPON AGENT OF FOREIGN COR-
PORATION—TRANSACTION OF BUSINESS IN STATE.—In order to
justify a finding that a foreign corporation is so far engaged
in business in this state that a valid service of summons upon it
in an action in this state, under section 411 of the Code of Civil
Procedure, may be made upon its agent within this state, the
corporation must transact within the state some substantial part
of its ordinary business by its officers or agents appointed and
selected for that purpose, for legal service of process upon a cor-
poration, which will give a court jurisdiction over it, can be made
only in the state where it resides by the law of its creation, or
in a state in which it is actually doing business at the time of
service, in the manner prescribed by the statutes of that state
or of the United States.

[2] ID.—SECURING OF ORDER EXTENDING TIME TO PLEAD—ACT NOT A
GENERAL APPEARANCE.—The securing of an order extending the
time to plead to plaintiff's complaint in an action against foreign
corporations not transacting business in this state, after an at-
tempted service of summons on one of their officers, is not a
general appearance under section 1014 of the Code of Civil Pro-
cedure, and does not authorize the entry of the defaults of
defendants.

[3] PLEADING—APPEARANCE—WHAT CONSTITUTES.—An act of a de-
fendant by which he intentionally submits himself to the juris-
diction of the court in that action for the purpose of obtaining
any ruling or order of the court going to the merits of the case

---

1. Mode of serving process upon foreign corporations, notes, 85
Am. St. Rep. 926; 23 L. R. A. 490; 70 L. R. A. 532.
  What constitutes doing business in state by foreign corporation,
notes, 2 Ann. Cas. 307; 8 Ann. Cas. 942; 11 Ann. Cas. 320; Ann. Cas.
1912A, 553; Ann. Cas. 1913E, 1154.

which may reasonably be construed to imply that the court has, in the action, acquired jurisdiction of the person of the defendant, will be equivalent to an appearance, although not strictly in accordance with the terms of section 1014 of the Code of Civil Procedure.

APPLICATION for a Writ of Mandate to compel the Superior Court to order its clerk to enter defaults in a civil action. Franklin J. Cole, Judge. Denied.

The facts are stated in the opinion of the court.

M. C. Atchison and Hocker & Austin for Petitioner.

Conkling & Brown for Respondent.

SHAW, J.—This is a proceeding in *mandamus* to compel the superior court of Imperial County to order the clerk of said court to enter the default of each of two corporations, namely, Franco-American Vineyard and Wine Company and El Progresso Inter-California Canning Company, defendants in an action in said court wherein Don Davenport is the plaintiff.

The claim of the plaintiff is that each of said defendants has been duly served with the summons issued in said action, and has also entered a general appearance therein; that the time for answering or demurring has expired; that no answer or demurrer has been filed, and that notwithstanding these facts the court refuses to direct the clerk to enter either default.

1. The complaint in the action was filed and the summons was issued on February 19, 1919. On February 20, 1919, an attempted service of said summons was made on one Peter Barnes, as president of said Franco-American Vineyard and Wine Company and as secretary of said El Progresso Inter-California Canning Company, at Calexico, in Imperial County near the Mexican line, by delivering to him there the proper papers for that purpose. At that time the said Peter Barnes held said offices in said respective corporations. No other service was ever made or attempted upon either defendant. Both of said corporations were foreign corporations, the first named being an Arizona corporation, and the second a corporation organ-

ized under the laws of Mexico. Neither of them has ever at any time done business within this state, or anywhere else except Mexico, and neither of them was at that time doing any business in this state.

[1] In order to justify a finding that a foreign corporation is so far engaged in business in this state that a valid service of summons upon it in an action in this state, under section 411 of the Code of Civil Procedure, may be made upon its agent within this state, "the corporation must transact within the state some substantial part of its ordinary business by its officers or agents appointed and selected for that purpose." "Legal service of process upon a corporation, which will give a court jurisdiction over it, can be made only in the state where it resides by the law of its creation, or in a state in which it is actually doing business at the time of service, in the manner prescribed by the statutes of that state or of the United States." (*Doe* v. *Springfield etc. Co.,* 104 Fed. 687, [44 C. C. A. 128]; *Jameson* v. *Simonds Saw Co.,* 2 Cal. App. 585, [84 Pac. 289].) It follows, therefore, that the attempted service upon the two corporations by service upon Barnes as president and secretary, respectively, of said corporations was ineffectual for any purpose.

2. The proposition that said defendant corporations had entered a general appearance in said action so as to waive the service of summons upon them is not sustained by the record. On March 1, 1919, after the attempted service aforesaid, Messrs, Conkling and Brown obtained from the judge of the said court an order that the defendants have twenty days' additional time in which to plead to the plaintiff's complaint. Notice of this order was served on the plaintiff's attorneys on March 2, 1919. Thereafter, on March 11, 1919, the said attorneys for defendants served upon plaintiff's attorneys a notice that on March 14, 1919, the time being shortened to two days for that purpose, the defendants would move the court for an order to quash and set aside the pretended service of summons theretofore made in the action as aforesaid and that said motion would be made upon the grounds above stated, that both defendants were foreign corporations, and that neither of them had ever done any business within this state. Thereafter, on March 22, 1919, the motion was regularly heard

and the court thereupon made an order setting aside and quashing the said service of summons upon said defendants.

Thereafter the plaintiff filed with the clerk an order from plaintiff to him to enter the default of said defendants upon the ground that their time for answering the complaint had expired and in pursuance of said order the clerk, on March 31, 1919, made an entry of the default of said two corporation defendants. Thereafter, on April 25, 1919, the said attorneys for said defendants, upon notice duly given, moved the court to set aside the said default so entered by the clerk, upon the ground that the said defaults were entered by inadvertence and mistake of the clerk; that no summons had ever been served upon defendants, and that there was no authority or warrant for entering such defaults. The court sustained the motion and made an order setting aside said defaults. Afterward, on October 17, 1919, pursuant to notice to the defendants' attorneys, plaintiff moved the court to enter the defaults of said defendants, based upon the claim that defendants had entered a general appearance in the action, which motion the court denied. Upon this order the present proceeding for a *mandamus* is based.

[2] The order given by the judge to the defendants' attorneys extending the time within which the defendants might plead to the complaint in the action therein did not, under the circumstances of this case, have the effect of a general appearance in the action and did not authorize the court to proceed to enter default against said defendants. "A defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him." (Code Civ. Proc., sec. 1014.) Section 525 of the old Practice Act was identical with the above-quoted passage of section 1014. In *Steinbach* v. *Leese*, 27 Cal. 299, the court said on this point: "We have no doubt that the written notice of appearance provided for in the section is a document to be drawn up especially for that purpose." The point decided in that case was that the service of a notice of appeal by the attorney who represented some of the defendants but did not represent Jones, the party concerned, although the notice purported also to be in his behalf, did not operate as a general appearance in the action. In *Powers* v. *Braly,* 75 Cal. 238, [17 Pac. 197], after two stip-

ulations extending the time to answer had been made between the attorneys for the plaintiff and defendant, a motion by special appearance to strike out the complaint and dismiss the action was presented and an order extending time to plead was obtained. The court held, referring to section 1014 of the Code of Civil Procedure, that there was no general appearance. In *Vrooman* v. *Li Po Tai,* 113 Cal. 305, [45 Pac. 471], referring to this question, the court said: "Section 1014 of the Code of Civil Procedure defines what shall constitute an appearance. A defendant appears in an action when he answers, demurs, or gives written notice of his appearance, or when an attorney gives notice of an appearance for him, and he can appear in no other way. This statute was intended to settle all disputes upon the subject. There can be no chance for argument about equivocal acts. . . . The occasion for a rule was to dispose of questions upon which there might be dispute." In *Anderson* v. *Nawa,* 23 Cal. App. 153, [143 Pac. 555], the giving of a notice to dismiss the action because of delay in serving the summons was declared not to constitute a general appearance. See, also, *Walters* v. *Central T. Co.,* 126 Fed. 469, [62 C. C. A. 45]; *Benedict* v. *Arnoux,* 38 N. Y. Supp. 882; *Bell* v. *Good,* 19 N. Y. Supp. 695, and *Paine L. Co.* v. *Galbraith,* 38 App. Div. 68, [55 N. Y. Supp. 971], each holding that the obtaining of an order extending the time to plead is not a general appearance under a similar provision of the New York code.

The cases cited to the contrary are *Roth* v. *Superior Court,* 147 Cal. 604, [82 Pac. 246], *Cooper* v. *Gordon,* 125 Cal. 296, [57 Pac. 1006], and *California etc. Co.* v. *Superior Court,* 13 Cal. App. 65, [108 Pac. 882]. In the Roth case a stipulation between the respective attorneys, made the day after the service of summons, extending defendant's time to plead, was held to be a "virtual appearance" and sufficient to prevent a dismissal of the action, under section 581, subdivision 7, of the code as amended in 1897, [Stats. 1897, p. 98], after the lapse of three years. In *Cooper* v. *Gordon,* two stipulations, each granting plaintiff the right to have judgment entered in his favor at any time and providing for a stay of execution thereon upon certain conditions, were held to estop the defendant from moving to dismiss the action, and to be, in effect, an answer admitting

the truth of the complaint.  In *California etc. Co.* v. *Superior Court,* a letter of defendant's attorney to. plaintiff's attorneys, asking a stipulation for further time to answer, in order to avoid the filing of a demurrer, and the making of a stipulation giving time to answer as requested, followed by an application to the court, based on an affidavit showing cause, for a further extension, which the court granted, were held to amount to a general appearance.  In each of these cases the court was considering the effect of stipulations between the attorneys for the respective parties, and it was, in effect, determined that the stipulations under consideration, under the circumstances there appearing, showed an intent to appear generally and not specially. The construction of section 1014 in *Vrooman* v. *Li Po Tai, supra,* was directly recognized as correct in the Roth case.  The statement in the above-quoted passage from the Vrooman case, that a defendant "can appear in no other way" than by demurrer, answer, or formal written notice, is doubtless too broad.  [3] An act of a defendant by which he intentionally submits himself to the jurisdiction of the court in that action for the purpose of obtaining any ruling or order of the court going to the merits of the case, as, for example, a motion to strike out part of the complaint, or the making of stipulations, as in the cases above-mentioned, which may reasonably be construed to imply that the court has, in that action, acquired jurisdiction of the person of the defendant, will be equivalent to an appearance, although not strictly in accordance with the terms of section 1014.  But the securing of the order extending time to plead was not an act of that character, and the rule of section 1014 should be applied to this case.

Under all these circumstances we are of the opinion that the defendants did not enter an appearance to the action and that the application for an entry of the default based on the supposed appearance was properly denied by the court below.

The application for a writ of *mandamus* is denied.

Olney, J., Lennon, J., Wilbur, J., Lawlor, J., and Angellotti, C. J., concurred.

Rehearing denied.

All the Justices concurred.