Frank E. Johnson, Off. Ref.
Testimony has been taken, and a brief submitted, under the order to hear and determine a motion by a defendant corporation to vacate a service of the *97 summons and complaint herein. Proof came first on the service of those papers, hut it later developed that the real question was not whether service was duly made but whether the moving party had waived the right to make such motion.
The matters now disposed of should be considered in proper order; the first should he whether there is any question of fact to be decided here, in view of the claim of the plaintiff that the defendant, prior to that motion, had ‘ ‘ appeared ’ ’ in the action, so that a traverse could not thereafter be entertained.
After the summons and complaint were served, a telephone request came from the office of the attorney for an insurance company (to which these papers had been sent by the corporate defendant) asking that additional time to answer he granted. This Avas agreed to whereupon that attorney sent to the plaintiff’s attorney, in an envelope in evidence, stipulations extending defendant’s time to answer. One Avas thereafter signed and returned to him, and the other Avas conformed and is now in evidence. Upon the back of that retained copy thereof, which seems to he the carbon, as to typewriting, there is indorsed the name and address of that attorney, and the words ‘" Attorney for Defendant.” The body of the stipulation, which was a printed form, was filled in by him, and recites the title of the action, and other language appropriate to an extension of time to answer. (That part of the printed form that gave time to do more than ansAver was struck out by the attorney for plaintiff before it Avas signed and sent back. It seems to satisfy section 236 of the Civil Practice Act; it does not appear to have been rejected.)
Thereafter an application to vacate the service of the summons and complaint was made by motion that resulted in the order of reference; in that motion defendants’ attorney sought to appear “ specially ” for that corporate defendant. It would seem, upon the authorities, that the right to make that motion had been Avaived by the previous indorsement on the stipulation, Avliich amounted to a general appearance and prevented a later motion by " special appearance.”
Section 236 of the Civil Practice Act does'not specify what form the “ notice of appearance ” must have; since none need be served herein (but only an answer), since the complaint was served with the summons, it is irregular for defendant, after such procedure, to claim the right to “ appear specially.” An attempt was so made in that motion, claiming service not having been duly made on the corporate defendant; it fails if defendant had already “ appeared ” by an indorsement that fully *98 satisfies the indefinite requirement of section 236 of the Civil Practice Act.
There seems to be no decision directly in point. In Littauer v. Stern (88 App. Div. 274), construing section 421 of the old Code of Civil Procedure, predecessor of but different from present section 237, the Presiding Justice pointed out that an “appearance” was made by merely indorsing the attorney’s name and address on the extension order he obtained.
In Braman v. Braman (236 App. Div. 164) the unanimous opinion cites Zabriskie v. Second Nat. Bank (204 App. Div. 428, 431) holding that entering into a stipulation for “ extension of his time to answer ” is a waiver of the right to challenge jurisdiction (see cases cited therein).
In Citizens Trust Co. v. Prescott & Son (221 App. Div. 426, 431) the court said that “the word ' appearance ’ means a voluntary submission to the jurisdiction in whatever form manifested” (see, also, Henderson v. Henderson, 247 N. Y. 428; Muslusky v. Lehigh Val. Coal Co., 225 N. Y. 584; Matter of Stiller, 175 App. Div. 211).
The discussed facts, about when the statute would run, in Leone v. City of New York (203 Misc. 73, 74) do not lessen the force of the court’s statement that “ obtaining extensions of time,” upon defendant’s request, “ was tantamount to * * * a general appearance.”
The decisions relied upon by defendant seem distinguishable. Big Four Realty Corp. v. Belnord Garage (141 Misc. 472) merely cites cases that present differing situations. Paine Lumber Co. v. Galbraith (38 App. Div. 68 [1899]) was a construction of then code section 421, now substantially changed in section 237 of the Civil Practice Act; it seems overruled by the quoted dictum in the later Littauer decision (supra). However, the Paine opinion seems to hold (p. 70) that when the lawyer subscribed himself “ as attorney for defendants ” he may have produced ‘" an affirmative submission to the jurisdiction of the court.”
Engels Express Co. v. Ferguson (79 Misc. 40) merely construed a Municipal Court rule which specified what papers could bear an indorsement of appearance, thereby excluding the indorsement not placed on one of the proper papers.
Upon the foregoing authorities it becomes unimportant whether or not there was proper service of the summons and complaint; nevertheless, since that question was tried factually, it is decided that the person upon whom the papers were served was not an officer or managing agent of that corporation within *99 the meaning of the statute. The served papers, however, were retained by her, given to her superiors and by them transmitted to the company’s insurance carrier, whose subsequent conduct is already recited.
The motion to vacate the service is denied, on the ground that such application could not be made after the general appearance of the defendant, even though the service relied upon by the plaintiff was not legally sufficient.
Settle order on notice.