## SUPREME COURT.

DANIEL E. DOLE agt. D. S. MANLEY and WM. R. MANLEY.

The *misnomer* of a defendant can be taken advantage of, by *motion*, to set aside the summons and complaint. (7 *How. Pr. R.* 25.)

But if the notice of motion is signed by the attorney generally, without restricting his appearance to the purposes of the motion only, it will be deemed a notice of retainer *generally* for the defendant, which operates as an *appearance* generally by the defendant in the cause; and he is thereby precluded from the benefits of the motion; because such a motion can only be made before the defendant has appeared generally. (*See* 1 *Wend.* 13; 9 *How. Pr. R.* 445.)

*Erie Special Term, March,* 1855.

MOTION by defendant, D. S. Manley, to set aside the summons and complaint for a misnomer.

The true name of the defendant making the motion is *Dean* S. Manley, and it is written in the summons and complaint *Dennis* S. Manley. The summons and complaint were served upon him at the same time. The notice of this motion is entitled "Daniel E. Dole agt. *Dean* S. Manley, sued by the named of *Dennis* S. Manley, impleaded with William R. Manley," and is signed "William H. Andrews, attorney for defendant, *Dean* S. Manley, sued, &c."

W. H. ANDREWS, *for motion.*
P. L. ELY, *opposed.*

BOWEN, Justice. In *Elliot* agt. *Hart,* (7 *How. Pr. Rep.* 25,) it was held that the misnomer of a defendant could be taken advantage of, by motion, to set aside the summons and complaint. That it was doubtful whether, under the Code, there was any remedy therefor by answer; and that, as there should be some remedy, a defendant should be allowed to resort to a motion, pursuant to the practice prior to the adoption by the supreme court of the rule of 1825.

That rule provided, that the court would not thereafter entertain a motion to set aside process, or proceedings in a cause, on the ground of a misnomer of the party arrested, but would leave him to his remedy by plea in abatement. In the cases of *Mann* agt. *Carley*, and *Chapin* agt. *Same*, (4 *Cow.* 148,) which occasioned the adoption of the rule of 1825, and which are the only cases in the courts of this state, prior to the adoption of that rule, sanctioning the remedy by motion, it was held, that such motion must be made before the defendant had appeared in the cause. If the practice prior to the rule of 1825 is to be resorted to under the Code, the same rules which governed the practice then, should be applicable now; and consequently the motion must now be made before the defendant has appeared.

It is not shown that the defendant making this motion has appeared in the cause, except by the notice of the motion. The notice is entitled in the cause, and is signed by the defendant's attorney, as his attorney generally in the cause; and the title gives the true name of the defendant, together with the name by which he was prosecuted.

It was held in the case of *Mann* agt. *Carley*, above cited, that a notice of retainer was not an appearance in the cause; but the court afterwards provided, by a general rule, that service of a notice of appearance, or of retainer generally, should in all cases be deemed an appearance, except where special bail should be required—(*see Rule* 26 *of Rules of* 1845)—which rule has been continued to the present time. (*See Rules of* 1854, *No.* 7.)

The notice of the motion in this case is equivalent to, and should be treated as, a notice of retainer generally. (1 *Went*, 13; 9 *How. Pr. R.* 445.) After the service of this notice, the plaintiff was bound to treat the attorney who signed the notice as the attorney for the defendant in the cause generally; and should he take subsequent proceedings in the cause without notice thereof to the attorney who signed this notice, or proceed in the cause as against a defendant who had not appeared, his proceedings would be set aside for irregularity.

I think the motion should be denied. As the plaintiff may

wish to amend his summons and complaint, by inserting therein the true name, no costs of opposing the motion are given, and the plaintiff has liberty to amend.