Krause agt. Averill.

# N. Y. CITY COURT.

HERMAN F. KRAUSE agt. HORATIO F. AVERILL.

*Appearance — Answer — Practice — Code of Civil Proceedure, sections 421, 422 — Effect of an order extending time to answer.*

An order extending time to answer is equivalent to a notice of appearance.

*Special Term, November,* 1883.

*Charles E. Lexow,* for plaintiff.

*William J. Cannon,* for defendant.

HAWES, *J.*— It appears that the defendant in this case obtained an order extending time to answer, and served the same upon plaintiff's attorney, but served no formal notice of appearance. Judgment was entered by plaintiff as for want of an answer, and no notice of subsequent proceedings was served upon defendant's attorney, and the question now presented is whether sections 421 and 422 of the Code has so modified the former practice that the order of extension and papers upon which it is based are void. The case of *Couch* agt. *Mullane* (63 *How.*, 79) would seem in its language to sustain the plaintiff's theory, and, to a certain extent, the same may be said of the case of *Douglas* agt. *Haberstro* (58 *How.*, 276), although in the latter case the question here presented was not necessarily involved. Upon an examination of the statute I am unable to discover any such radical changes in the practice as these decisions would seem to imply. Section 421 is a substitute for section 130 of the Code of Procedure, and defines in terms the requisites of a formal notice of appearance when such appearance is made ; but these formal requisites were substantially the same as those existing under the old practice ; and under the strictest construction their specific requirements were demanded only when the appearance was to meet certain well-known provisions of the statute. It seems to me, however, that because section 421 of the Code has prescribed a certain form in which the defendant's attorney must add his signature to a notice of appearance, demurrer or answer, that the paper so served is not void even though it should vary somewhat in that regard. In the case at bar (and the same may be said of all similar cases) the attorney, under oath, in his application for the order, states that he is the attorney for the defendant in the above entitled action, and he is so described in the affidavit of merits sworn to by the defendant. The papers are indorsed by the attorney as attorney for the defendant, and his office address also indorsed in the usual manner. These papers so indorsed, including the order of the court extending

Krause agt. Averill.

time to defendant to answer, were served upon the plaintiff's attorney within the required time. The court acting upon the papers submitted, extends defendant's time to answer. Can it be claimed that under such circumstances the court acquired no jurisdiction to grant the order, and is not this a substantial test as to whether it was or was not a void appearance? The fact is, as it seems to me, that the act was one which took place during the progress of the case, and that the defendant has submitted to the jurisdiction of the court and he is estopped from denying its validity. The plaintiff deems it invalid, but the most he can claim is that it is irregular, even though there was no order of the court. If, however, the court had power to make the order, it is valid until set aside. The question of jurisdiction in such a case is fully discussed in *Cooley* agt. *Lawrence* (5 *Duer*, 610), where the whole issue depended upon its determination, and it was decided that the power was complete. It would seem to be elementary in view of the accompanying facts which appear in this and kindred cases. If, therefore, the court had power to grant the order, the position of the plaintiff is indefensible in any phase of the case. But aside from this I do not think, as said above, that the provisions of section 421 are in any material aspect different from the former practice as would seem to be implied in the decisions above referred to. The body of the notice of appearance was precisely alike under the former and the present practice. Under the former, rule 10 required that "on all papers served, the attorney, besides subscribing his name, shall add thereto his place of business." This is substantially embodied in section 421 of the Code, and the decisions which apply to the question in its different phases are equally applicable, and certainly a slight variance in that regard would not, in my opinion, make the order wholly void. Admitting that such an appearance would be voidable under the provision of the Code, I think that it had sufficient life to give to the

court jurisdiction to make the order, and if so, it was sufficient to bind the plaintiff until vacated.

Plaintiff must accept service of the order; no costs to either party.