## NOBLE v. CRANDALL et al.

(*Supreme Court, General Term, Third Department.* September 24, 1888.)

APPEARANCE—WHAT CONSTITUTES.

A notice of motion to set aside a judgment, on the ground that the summons was not served on defendant, is not a general appearance, although defendant's attorney did not qualify his signature by saying, "Attorney for the purpose of this motion only."

Appeal from special term, Albany county; MAYHAM, Justice.
Argued before LEARNED, P. J., and INGALLS and LANDON, JJ.
*A. L. Andrews*, for appellants. *H. S. Leary*, for respondent.

LEARNED, P. J. The positive affidavits of the moving defendants show that the summons was not served on them. The affidavit of another defendant shows that the papers were delivered to him to be served on the other defendants, and that he did not serve them. No affidavits are made in reply. It must be taken, then, (notwithstanding the formal affidavit of service,) that there was no service made. The defendants, then, had an unqualified right to have the service and the judgment set aside as to them; and the judgment could not stand even as security. The only question is whether any act on their part has waived this right. Code, § 421, seems to permit only two modes of appearing,—the one, by a notice of appearance; the other, by service of an answer or a demurrer. Whether, under some circumstances, the mere service of a notice of motion might still be considered an appearance, we need not say. It has sometimes been held that an appearance by a defendant on a special motion waived previous defects. *Dole* v. *Manley*, 11 How. Pr. 138; Code, § 424. But here the defendants appeared for a special purpose, so far as they appeared at all. Their affidavit shows that they claimed that they had not been served, and desired to set aside the judgment on that ground. To hold that this notice of motion was a general appearance, because the attorney did not qualify his signature by saying, "Attorney for the purpose of this motion only," would be too technical. *Brett* v. *Brown*, 13 Abb. Pr. (N. S.) 295; *Seymour* v. *Judd*, 2 N. Y. 464. If their motion were granted, there would be no action in which to appear. If it were denied, it would be too late for them to appear. So their notice could not be an appearance. We think the order should be reversed, with $10 costs and printing disbursements, and the motion granted, with $10 costs.