(17 Misc. Rep. 561)

### WOOD v. FURTICK (two cases).

(Supreme Court, Appellate Term, First Department. July 28, 1896.)

1. ATTACHMENT—DEBT DUE FROM FOREIGN CORPORATION.
　　A debt from a foreign corporation to a nonresident, payable without the state, cannot be attached in New York, though the foreign corporation is engaged in business in New York, and has agents therein. 39 N. Y. Supp. 174, affirmed.

2. GENERAL APPEARANCE—MOTION TO VACATE ATTACHMENT.

Under Code Civ. Proc. § 421, providing that defendant's appearance must be made by serving a notice of appearance or a copy of a demurrer , or answer, service of motion to vacate an attachment is not a general appearance. 39 N. Y. Supp. 173, reversed.

Appeal from city court of New York, general term.

Action by George R. Wood against Irving Furtick to recover $681.25 with interest, for goods sold and delivered. From an order of the city court (39 N. Y. Supp. 174) affirming an order vacating a levy admitted to be made under an attachment issued against the property of defendant, a nonresident, certain demands in his favor existing against foreign corporations, plaintiff appeals. Affirmed. From another order of the city court (39 N. Y. Supp. 173) affirming an order denying a motion to vacate a judgment for plaintiff entered for default in pleading after defendant's alleged general appearance, defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Wm. P. S. Melvin, for plaintiff.

Lawrence Godkin, for defendant.

BISCHOFF, J. The plaintiff, a resident of the city of New York, sued the defendant, a resident of South Carolina, upon two assigned claims for merchandise sold and delivered in Maryland. The summons was served upon the defendant personally, without the state, pursuant to an order for such service; and by means of an attachment which was issued against the property of the defendant, and served upon the managing agent, respectively, of the Phœnix Assurance Company, the Imperial Insurance Company, Limited, and the Royal Insurance Company, the plaintiff sought to reach the debts owing from such companies to the defendant in virtue of their several policies of insurance against loss by fire issued to him for property at his place of residence. Each of such insurance companies was a foreign corporation, having been organized under the laws of Great Britain, and having its principal office for the United States in the city of New York. The policies were severally issued in South Carolina, and the property insured was destroyed by fire before the commencement of this action. Before that time, the defendant also had assigned all his property, including the claims under the insurance policies, to Allen J. Green, of South Carolina, for the benefit of his creditors, by an instrument in writing, dated and delivered on the same day. Upon the motion of the defendant and his assignee, the levy of the attachment upon the debts due from the insurance companies was vacated, and an order to that effect entered, which was affirmed at general term below. The notice of motion to set the service of the attachment aside, or to vacate the levy attempted to be made thereunder, was not served until upward of five months after the attachment was issued. It was subscribed by the attorney, and the latter's office and post-office address added, but it did not expressly qualify the defendant's appearance in the action. Assuming the notice of motion to be a general appearance, the plaintiff's attorneys, after lapse of the time for service of the defendant's plead-

ing, entered judgment against the defendant for default in pleading. Thereafter the defendant moved to vacate the judgment, upon the grounds that it was irregularly entered, that there was no general appearance for the defendant in the action, and that, if the notice of motion to set the service of the attachment aside could be construed to be a general appearance, it was unauthorized, and not so intended. The motion to vacate the judgment was denied, and the order entered upon the denial was likewise affirmed, upon appeal in the court below.

Waiving the effect of the defendant's assignment for the benefit of his creditors, and treating him to all intents and purposes as the owner of the several demands attempted to be attached, as the plaintiff's counsel insists he should be, the service of the attachment, and the attempted levy thereunder, appear, notwithstanding. to have been rightfully vacated. The attachment proceeding was dependent for its validity upon the presence of the res—the debt—within the jurisdiction of the court, which was not here the case. The question involved was fully discussed by the court of appeals in Douglass v. Insurance Co., 138 N. Y. 209, 33 N. E. 938, where it was explicitly ruled that the situs of a debt is at the place of residence of the creditor; that the residence of a corporation is within the domain of the sovereignty which created it; that where neither the debtor whose property is sought to be attached, nor his debtor, is a resident of the state or country in which the attachment proceeding was brought, the court is without jurisdiction to make any adjudication involving the payment of the debt due from the last-mentioned nonresident to the first-mentioned one; and that no state or country can clothe its courts with such jurisdiction by enacting that service of process may for such purposes be made upon an agent or representative of the nonresident debtor of a nonresident whose property is sought to be applied in satisfaction of a resident creditor's demand against him. It was held in that case that the attempted attachment in Massachusetts of a debt owing from a New York corporation to a resident of New York, service having been made upon the duly-appointed agent of the corporation in Massachusetts, was not a valid defense to an action in the courts of New York against the corporation by its creditor. We are referred by counsel for the plaintiff to a number of cases in other jurisdictions which are claimed to be at variance with the ruling above alluded to as to service of process upon an agent or attorney of a foreign corporation; but, obviously, the Douglass Case would be conclusive upon us even if the opinion were less persuasive.

We are of the opinion that the service of the defendant's notice of motion to vacate the service of the attachment, and the attempted levy thereunder, did not constitute a general appearance in the action. We are referred by the counsel for the plaintiff to a number of cases, neither of controlling authority, which are to the effect that service of a notice of motion which does not expressly qualify the party's appearance is equivalent to a general appearance in the action. The cases alluded to, however, are such as arose before the present Code of Civil Procedure, and such as followed them without

notice of the effect wrought by the Code. It is now provided that, if the defendant wishes to appear in the action, he must serve either an express notice of his appearance or a demurrer or answer. Code Civ. Proc. § 421. The better opinion seems to be that a general appearance cannot now be effected in any other way. Couch v. Mulhane, 63 How. Prac. 79; Benedict v. Arnoux (Sup.) 38 N. Y. Supp. 882; "Expressio unius est exclusio alterius," Broom's Leg. Max. (8th Am. Ed.) 650; Suth. St. Const. §§ 326, 327. It is certain that the application of the maxim will evolve a rule which will avoid surprise to either party to the action, and be consistent with the probable intention of the legislature in the enactment of the Code provision alluded to. Reed v. Chilson, 142 N. Y. 152, 36 N. E. 884, and Farmer v. Life Ass'n, 138 N. Y. 265, 33 N. E. 1075, are not contrary to the views above expressed. In the Reed Case there was a general appearance by the defendant, and in the court's allusion to special or qualified appearances there is no intimation that since the Code of Civil Procedure a notice of motion is more than a special or qualified appearance. In the Farmer Case the decision was not predicated of the fact of a general appearance by the defendant, but it was ruled that the defendant was estopped from denying that it had generally appeared and submitted to the jurisdiction of the court, because it had applied for and availed itself of relief to which it was entitled only after a general appearance in the action.

The order vacating the service of the attachment and the levy thereunder, and the order affirming such order, are affirmed, with costs. The order denying the motion to vacate the judgment, and the order affirming such order, are reversed, with costs; and the judgment is vacated, with costs. All concur.