(27 Misc. Rep. 330.)

### COHEN et al. v. LEVY et al.

(Supreme Court, Special Term, New York County. May, 1899.)

1. APPEARANCE—WHAT CONSTITUTES.

Under Code Civ. Proc. § 421, providing that defendant's appearance must be made by serving on the plaintiff's attorney a notice of appearance, or a copy of a demurrer or of an answer, service of a motion to cancel a lis pendens is not a general appearance.

2. LIS PENDENS—CANCELLATION.

Neglect to serve any defendant within 60 days after filing the lis pendens, as required by Code Civ. Proc. § 1670, is an unreasonable neglect to proceed with the action, within section 1674, providing that the notice of lis pendens may be canceled therefor.

Action by Max Cohen, as trustee in bankruptcy, etc., of Jacob Cohen and Morris Levy, and the firm of Cohen & Levy, bankrupts, against Jacob Levy and others. Motion to cancel lis pendens for failure to serve summons on certain defendants, and for failure to prosecute. Granted.

Gustavus Rogers, for the motion.

Leopold Jaches, opposed.

TRUAX, J. The service of the motion papers on the motions heretofore made herein was not a general appearance in the action. Section 421 of the Code of Civil Procedure provides how a defendant may appear. It says that the "defendant's appearance must be made by serving upon the plaintiff's attorney * * * a notice of appearance, or a copy of a demurrer or of an answer." Neither of these things was done in this case.

It was held in Noble v. Crandall, 49 Hun, 474, 2 N. Y. Supp. 265, that a notice of motion to set aside a judgment on the ground that the summons was not served on the defendant is not a general appearance, although defendant's attorney did not qualify his signature by saying "attorney for the purpose of this motion only."

This case now stands that none of the defendants to the action were served with the summons and complaint, and none of them appeared in the action until more than 60 days after the filing of the lis pendens. Section 1670 of the Code of Civil Procedure provides that the summons must be served within 60 days after the filing of the lis pendens, and section 1674 provides, among other things, that, if the plaintiff filing the notice unreasonably neglects to proceed in the action, the court may, in its discretion, upon the application of the person aggrieved, direct that the notice of the pendency of the action be canceled of record. I am of the opinion that the failure of the plaintiff to serve one of the defendants within the 60 days prescribed by section 1670 was an unreasonable neglect to proceed in the action, and for that reason the lis pendens must be canceled of record. Motion granted, with $10 costs to abide the event of the action.

Motion granted, with $10 costs to abide event.