(39 Misc. Rep. 500.)

### ALLEN v. UNITED CIGAR STORES CO.

(Supreme Court, Trial Term, New York County. December, 1902.)

1. ATTACHMENT—SITUS OF DEBT.

   A creditor of a foreign firm cannot attach a debt due from a foreign corporation to such firm in the state of New York, and payment thereof affords such foreign corporation no defense to a subsequent action by a receiver of the foreign firm to recover the same debt.

Action by Horace G. Allen, receiver, against the United Cigar Stores Company. Judgment for plaintiff.

H. B. Closson, for plaintiff.
John W. Ingram, for defendant.

BISCHOFF, J. The action is brought by the plaintiff, as receiver of the partnership of F. Abraham & Son, under appointment by the superior court of Massachusetts, to recover a debt due from the defendant, a foreign corporation, to the firm. The defense is that the amount of the indebtedness in suit had been paid over by the defendant to or for the benefit of the Surbury Company, another foreign corporation, upon an attachment obtained by the latter in its action against the partnership of F. Abraham & Son, instituted in

this county. At the time of the issuance of the attachment, the plaintiff had been appointed receiver, but it is apparent from the record of the Massachusetts court that the appointment was not of such a character as to vest title to the property in the receiver. He was appointed to preserve the assets of the partnership during the pendency of the action, and for this purpose, in the absence of some provision of the statute, he was what is known as a "common-law receiver," or "custodian," merely. Therefore, if the attachment were valid, there could be no doubt as to the sufficiency of the defense interposed in this action, since the present plaintiff could interpose no title as against the attaching creditor which might relate to the time of the levy under attachment; but it is shown, and, indeed, conceded, that by a later order of the Massachusetts court the plaintiff was given all the necessary authority to maintain the present action, and, if the attachment may be assailed upon jurisdictional grounds, he is in a position to assert its invalidity.

Within the rules laid down in the case of Douglass v. Phœnix Insurance Co., 138 N. Y. 209, 219, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448, I conceive that this attachment must necessarily be held void as against the partnership and its receiver. The property attached was a debt due to a nonresident from a foreign corporation, and the attaching creditor of the nonresident was also a foreign corporation. Whether the situs of the debt be fixed at the place of residence of the debtor or of the creditor (the residence of a foreign corporation being confined to the sovereignty which created it), the property attached was never within the state of New York, and the court at no time obtained jurisdiction of the defendant to the attachment suit. See Wood v. Furtick, 17 Misc. Rep. 562, 40 N. Y. Supp. 687. The payment by the present defendant to the Surbury Company was not, therefore, a payment of the debt due from the former to the firm which this plaintiff represents, and the fact of that payment has no greater effect than a mere voluntary payment by the debtor to a third party.

The defendant's objections to the documentary evidence offered by the plaintiff are sustained, and judgment is directed for the plaintiff for the amount due, according to the pleadings and stipulations. Judgment for plaintiff.