(67 Misc. Rep. 590.)

### REGELMANN v. SOUTH SHORE TRACTION CO.

(Supreme Court, Special Term, Kings County.   May, 1910.)

APPEARANCE ⟨§ 9*⟩—"GENERAL APPEARANCE"—SERVICE OF ORDER TO SHOW CAUSE.

> Defendant's service upon plaintiff of an order to show cause why an injunction, issued on ⟨plaintiff's application, should not be vacated, was not equivalent to a "general appearance," within Code Civ. Proc. § 421, requiring defendant's appearance to be made by serving upon plaintiff's attorney a notice of appeal, or a copy of a demurrer⟨or answer, and requiring the notice or pleading to be subscribed by defendant's attorney, who shall add to his⟨signature his office address, etc., so as to entitle defendant to notice of all subsequent proceedings, though the affidavit upon which the order was based contained the name and office address⟨of defendant's attorney and the papers were indorsed with his name and address.

> [Ed. Note.—For other cases, see Appearance, Cent. Dig. § 51;  Dec. Dig. § 9.※

> For⟨other definitions, see Words and Phrases, vol. 4, pp. 3051–3052.]

Action by Emma Regelmann against the South Shore Traction Company.   On defendant's motion to set aside a default judgment for plaintiff on the ground of irregularity.   Motion denied, without prejudice to an application for relief from default.

Ivins, Mason, Wolff & Hoguet, for plaintiff.
Arthur Carter Hume, for defendant.

BLACKMAR, J.   The defendant moves to set aside the judgment herein on the ground that it was irregular, in that no notice of the application therefor was given.  The order to show cause, upon which the motion was brought on for hearing, contains no prayer for any other relief.  The question is, therefore, one of law as to whether the defendant was entitled to notice of the application for this judgment.

The summons was served without the complaint, but accompanied with an injunction granted upon an affidavit which indicated that the cause of action was to enjoin the construction by the defendant of its railroad through certain streets without the consent of the property owners.  The defendant obtained an order to show cause why the injunction should not be vacated.  The affidavit upon which such order was based stated that Arthur Carter Hume was the attorney for the defendant, and that his office and place of business was in the Times Building, Forty-Second street and Broadway, borough of Manhattan, New York City.  The papers were also indorsed with his name and address.  The injunction was vacated, and, more than 20 days having expired since the service of the summons, the plaintiff applied for judgment under section 1214 of the Code without notice, and a final judg-

ment enjoining the defendant from the construction of the road and directing a writ of inquiry to assess the damages was granted. The defendant now claims that the service of the order to show cause was equivalent to a notice of appearance, which entitled it to notice of all subsequent steps in the action.

Whatever may have been the state of the law, before the adoption of the Code of Civil Procedure, as to whether a notice of motion was equivalent to an appearance which entitled the defendant to notice, it seems now to be well established that a notice of motion, and a fortiori an order to show cause, which is not subscribed by the attorney, as is a notice of motion, is not such an appearance. Wood v. Furtick, 17 Misc. Rep. 561, 40 N. Y. Supp. 687; Valentine v. Myers, 36 Hun, 201; Douglas v. Haberstro, 8 Abb. N. C. 230; Paine Lumber Co. v. Galbraith, 38 App. Div. 68, 55 N. Y. Supp. 971; Cohen v. Levy, 27 Misc. Rep. 330, 58 N. Y. Supp. 721. It was held in Noble v. Crandall, 49 Hun, 474, 2 N. Y. Supp. 265, that the service of a notice of motion to set aside a judgment was not a general appearance, but was a special appearance for the purposes of the motion, although the attorney did not qualify his appearance by stating upon the face of the papers that he appeared for the purposes of the motion only. Krause v. Averill, 66 How. Prac. 97, as I read it, is an authority only for the proposition that a valid order extending the time to answer may be made without service of a notice of appearance, and this proposition is also held in Littauer v. Stern, 177 N. Y. 233, 69 N. E. 538; but neither case holds that an application to the court to extend the time to answer is equivalent to an appearance under section 421 of the Code. I think that under the present state of the authorities it must be held that service of motion papers is an appearance for the purposes of the motion only, and not a general appearance, such as confers jurisdiction if the defendant has not been served, or entitles the defendant to notice of subsequent proceedings if he has been served.

It has been suggested by the attorney for the defendant that as all the requirements of a notice of appearance are stated at some place, either in the body of the affidavit or in the indorsement on the papers, the service of the order to show cause should be held to be a general appearance. It seems to me more consistent with the authorities to hold that it is a special appearance for the purposes of the motion only. There is no statement anywhere in the papers that the defendant appears generally. It is stated in the affidavit of the defendant's attorney, upon which this motion is based, that the affidavit read on the motion to vacate the injunction stated that the attorney who made the affidavit appeared for the defendant. This is not accurate; for such affidavit nowhere contains the statement that the defendant appears. If the defendant had not been served with the summons, it could hardly be claimed that in the motion papers to set aside the injunction there was expressed any intent to subject it generally to the jurisdiction of the court. Neither can there be found in those papers the expression of any intent to serve such a notice of appearance as is required by section 421 of the Code.

The motion must be denied, with $10 costs, but without prejudice to an application by the defendant to relieve itself from default in appearing.