### ENGELS EXPRESS CO. v. FERGUSON.

(Supreme Court, Appellate Term, First Department. January 9, 1913.)

1. COURTS (§ 189*)—GENERAL OR SPECIAL—COSTS—COURT RULES.

Municipal Court rule 2, providing that the indorsement of the name and address of an attorney on the summons, pleading, or other paper in an action or proceeding shall be deemed an appearance, within Munici-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pal Court Act (Laws 1902, c. 580) § 332, which provides for the award of costs to the prevailing party if he shall have appeared by an attorney at law, who files a verified pleading or a written notice of appearance, applies only to the imposition of costs.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

**2. APPEARANCE (§ 9*)—ACTS CONSTITUTING APPEARANCE—INDORSEMENT OF ATTACHMENT RELEASE BOND.**

    That a bond given by defendant to release an attachment had indorsed thereon "Charles J. Wheeler, Attorney for Defendant, 299 Broadway," did not constitute a general appearance of defendant in the action.

    [Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 42–52; Dec. Dig. § 9.*]

    Appeal from Municipal Court, Borough of Manhattan, First District.

    Action by the Engels Express Company against Hugh G. Ferguson. From a judgment dismissing the complaint for want of jurisdiction of defendant's person, plaintiff appeals. Affirmed.

    Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

    Thomas J. Meehan, of New York City (Frederick W. Hamberg, of New York City, of counsel), for appellant.

    Charles G. Wheeler, of New York City, for respondent.

    GERARD, J. The plaintiff having obtained the warrant of attachment against defendant's property, a bond was filed to obtain the release of the levy, and on this bond there was indorsed: "Charles J. Wheeler, Attorney for Defendant, 299 Broadway." The first question to be determined is whether the placing of the name and address of an attorney on the bond, which is filed to release property from an attachment, constitutes a general appearance in the action.

    [1] Defendant relies on rule 2 of the Court Rules of the Municipal Court, and on section 332 of the Municipal Court Act (Laws 1902, c. 580), which provides for the award of costs to the prevailing party "if he shall have appeared by an attorney at law, who files a verified pleading or a written notice of appearance." And rule 2 provides that the indorsement of the name and address of the attorney on a summons, pleading, or any other paper in an action or proceeding shall be deemed an appearance within the meaning of this section 332. Even if we should hold that this rule had the force of a law enlarging the provisions of the Municipal Court Act, which we do not, it only applies to the imposition of costs.

    [2] In Wood v. Furtick, 17 Misc. Rep. 561, 40 N. Y. Supp. 687, it was held in this court that the service of a notice of motion, subscribed by the attorney, to vacate an attachment, did not constitute a general appearance in the action. A similar ruling was made in Paine Lumber Company v. Galbraith, 38 App. Div. 68, 55 N. Y. Supp. 971, where it was held that the obtaining of stipulations extending the defendant's time to answer, by an attorney who signed one of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

stipulations as defendant's attorney, did not amount to a general appearance in the action by that attorney; and in Regelmann v. South Shore Traction Co., 67 Misc. Rep. 590, 123 N. Y. Supp. 353, it was held that service of an order to show cause why an injunction granted upon plaintiff's application should not be vacated was not equivalent to a general appearance in the action; also in Noble v. Crandall, 49 Hun, 474, 2 N. Y. Supp. 265, it was held that the service of a notice of motion to set aside a judgment was not a general appearance, although the notice of motion was not qualified by a statement that the appearance was good for the purposes of the motion only.

As to the attachment itself, it appears that the complaint and affidavits do not show the existence of any cause of action in plaintiff's favor against defendant. The allegations of the complaint as to use and occupation, leasing, or for work, labor, and services, are all upon information and belief, and are in no way added to by the affidavit, which supplied no new matter to remedy this defect.

The attachment was properly vacated, and the action dismissed, and the judgment should be affirmed, with costs. All concur.