## UNITED STATES v. MacMILLAN et al.

### (Circuit Court of Appeals, Seventh Circuit.   November 1, 1917.)

### No. 2180.

CLERKS OF COURTS ⬤▭61—CLERKS OF FEDERAL COURT—LIABILITY FOR INTEREST ON DEPOSIT—"EMOLUMENT."

Interest accruing on money collected by a clerk of the federal court for official services rendered, and held by him pending his semiannual return, do not constitute emoluments of the clerk's office, to be accounted for to the United States.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Emolument.]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by the United States against Thomas C. MacMillan and others.   Demurrers to defendants' pleas being overruled (209 Fed. 266), judgment was entered for defendants, and the United States brings error.   Affirmed.

Charles F. Clyne, of Chicago, Ill., and Sylvester R. Rush, of Omaha, Neb., for the United States.

George T. Buckingham, of Chicago, Ill., for defendants in error.

Before BAKER, KOHLSAAT, and ALSCHULER, Circuit Judges.

PER CURIAM.   Suit was brought by the United States on the official bond of Thomas C. MacMillan, clerk of the United States District Court for the Northern District of Illinois; the alleged breach of the bond being that for the period between January 27, 1910, and August 1, 1910, he received and did not turn over to the government interest to the amount of $368.86 on public moneys which came to him as such clerk, such moneys being (a) fees paid to him under the bankruptcy laws of the United States; (b) moneys paid to him as his emoluments and fees under various statutes of the United States; and (c) moneys paid to him as clerk by various litigants, under various statutes and under the rules of the Department of Justice.   To the plea of the defendant, the government interposed a demurrer, which the court overruled, and, the government electing to stand by its demurrer, judgment was entered for defendant.   The issues are more fully stated in the opinion of Judge Geiger in the District Court, upon the overruling of the demurrer.   209 Fed. 266.

We are in accord with the views expressed in that opinion, and with the conclusion reached by the District Court.   Since the oral argument in this court, our attention has been directed to an opinion of the Comptroller of the Treasury (volume 23, p. 732, June 13, 1917) wherein the question considered was the charging of the account of the clerk of the United States District Court for the district of Massachusetts with interest received by him on deposits in banks of the earnings of his office, pending the making of his returns.   Mainly on the authority of United States v. Hill, 120 U. S. 169, 7 Sup. 510, 30 L. Ed. 627, and

⬤▭For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

123 U. S. 681, 8 Sup. Ct. 308, 31 L. Ed. 275, and United States v. Mason, 218 U. S. 517, 31 Sup. Ct. 28, 54 L. Ed. 1133, as well as on the authority of Judge Geiger's opinion (which opinion was based largely upon the cases cited), the Comptroller found that it "seems to be fairly well established that interest moneys accruing on money collected by a clerk for official services rendered, and held by him pending his semiannual return do not constitute emoluments of the clerk's office to be accounted for to the United States," and he affirmed the prior decision of the department auditor, which was against the government's contention.

The judgment of the District Court is affirmed.