CHATHAM & PHENIX NAT. BANK OF CITY OF NEW YORK v. GUAR-
ANTY TRUST CO. OF NEW YORK.

KINGDOM OF ROUMANIA v. SAME.

(Circuit Court of Appeals, Second Circuit. January 15, 1919.)

No. 111.

1. APPEARANCE ⊜═⊃9(5)—GENERAL APPEARANCE—MOTION TO VACATE ORDER.

One not a party to a suit against whom an order is made does not make
a general appearance by moving to vacate the order, under Code Civ.
Proc. N. Y. § 421.

2. JUDGMENT ⊜═⊃243—PERSONS NOT PARTIES.

A court is without jurisdiction to order a bank which is not a party
to the action to pay interest to the defendant on money which was paid
into court by defendant and deposited in the bank by the clerk, as
provided by Rev. St. § 995 (Comp. St. § 1644).

3. DEPOSITS IN COURT ⊜═⊃8—PUBLIC MONEYS OF UNITED STATES.

Moneys in court deposited in a designated depositary of the United
States are not public moneys of the United States.

4. DEPOSITS IN COURT ⊜═⊃8—DEPOSITS OF MONEY BY FEDERAL COURT—INTER-
EST.

An order by the Secretary of the Treasury requiring depositary banks
to pay interest on daily balances on all deposits by government agen-
cies, including courts, does not authorize a court to order a bank to pay
interest on a deposit by its clerk to a party to a suit.

In Error to the District Court of the United States for the Southern
District of New York.

Action by the Kingdom of Roumania against the Guaranty Trust
Company of New York. The Chatham & Phenix National Bank of
the City of New York brings error to review an order requiring it to
pay interest to defendant. Reversed as to allowance of interest, and
judgment in that respect modified and affirmed.

Kaye & Scholer, of New York City, for plaintiff in error.

Frank M. Patterson, of New York City (John B. Loughborough,
of New York City, of counsel), for defendant in error.

Francis G. Caffey, U. S. Atty., and John E. Walker, Sp. Asst. U. S.
Atty., as amici curiæ.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

WARD, Circuit Judge. The District Court, in the suit of the King-
dom of Roumania against the Guaranty Trust Company of New York,
entered an order substituting one Arditti as defendant in place of the
trust company upon its paying into court to the credit of the action
$73,433.55, with interest at the rate of 2 per cent. per annum, the
trust company thereupon to be discharged of all liability either to Ar-
ditti or to the Kingdom of Roumania.

The trust company paid the money, with interest, to the clerk of
the court, who deposited it with the Chatham & Phenix National Bank,
a designated depositary of the United States, in his account as clerk,
and he has never received any interest upon it. This order we re-

⊜═⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

versed, upon the ground that the court had no jurisdiction to make it; the Kingdom of Roumania being a sovereign state, immune from suits in the courts of this country. 250 Fed. 341, —— C. C. A. ——, Ann. Cas. 1918E, 524.

Thereafter the District Court, upon motion of the trust company, entered an order that the clerk pay to it the money so deposited, less his statutory fee of 1 per cent., and that the Chatham & Phenix National Bank pay to it interest at the rate of 2 per cent. per annum on the said fund to date of payment. This is a writ of error taken by the bank to the said order.

[1, 2] We do not think that the bank's motion to vacate amounts to a general appearance by it, submitting it to the jurisdiction of the court. Wood v. Furtick, 17 Misc. Rep. 561, 40 N. Y. Supp. 687; Regelmann v. South Shore Co., 67 Misc. Rep. 590, 123 N. Y. Supp. 353. The bank was not a party to the action, had made no contract with the trust company, and if it owed interest on the deposit it owed it to its depositor, the clerk of the court, who alone had standing to collect the same. The objection that the court was without jurisdiction to make the order is good.

Section 995, Rev. Stat. U. S. (Comp. St. § 1644), provides:

"All moneys paid into any court of the United States, or received by the officers thereof, in any cause pending or adjudicated in such court, shall be forthwith deposited with the Treasurer, an Assistant Treasurer, or a designated depositary of the United States, in the name and to the credit of such court: Provided, that nothing herein shall be construed to prevent the delivery of any such money upon security, according to agreement of parties, under the direction of the court."

Section 996, Rev. Stat. U. S. (Comp. St. § 1645), provides:

"No money deposited as aforesaid shall be withdrawn except by order of the judge or judges of said court, respectively, in term or in vacation, to be signed by such judge or judges, and to be entered and certified of record by the clerk; and every such order shall state the cause in or on account of which it is drawn."

[3] Moneys in court deposited in a designated depositary of the United States are not public moneys of the United States. Branch v. United States, 100 U. S. 673, 25 L. Ed. 659; Coudert v. United States, 175 U. S. 178, 20 Sup. Ct. 56, 44 L. Ed. 122; United States v. MacMillan (D. C.) 209 Fed. 266, affirmed 251 Fed. 55, —— C. C. A. ——.

[4] Section 5153, Rev. Stat. U. S., provides:

"All national banking associations, designated for that purpose by the Secretary of the Treasury shall be depositaries of public money, except receipts from customs, under such regulations as may be prescribed by the Secretary; and they may also be employed as financial agents of the government; and they shall perform all such reasonable duties, as depositaries of public moneys and financial agents of the government, as may be required of them. The Secretary of the Treasury shall require the associations thus designated to give satisfactory security, by the deposit of United States bonds and otherwise, for the safe-keeping and prompt payment of the public money deposited with them, and for the faithful performance of their duties as financial agents of the government. And every association so designated as receiver or depositary of the public money shall take and receive at par all of the national currency bills, by whatever association issued, which have been paid into the government for internal revenue, or for loans or stocks."

Under the foregoing provision the Secretary of the Treasury made a contract with the Chatham & Phenix National Bank as follows:

"Treasury Department,

"Washington, July 18, 1913.

"The Collection of Interest on Public Deposits.

"Cashier Chatham and Phenix National Bank, New York, N. Y.:

"With reference to the announcement of the Secretary of the Treasury, under date of April 30, 1913, that, beginning with June 1, 1913, all government depositaries both active and inactive, will be required to pay interest at the rate of 2 per cent. per annum on average monthly balances, payable on January 1st and July 1st of each year, by authority of the Secretary of the Treasury the regulations for the computation and collection of this interest will be as follows:

"The balance on which interest will be required will include the total of the balances to the credit of the Treasurer of the United States, postmasters, United States courts and clerks of courts, and United States disbursing officers, if there be any.

"Each bank will furnish the Treasurer with a statement of its daily balances at the end of each month; the total of those daily balances, divided by 30, will give the average balance held for the month, and the total of these six average balances, divided by 6, will give the average monthly balance for the six months.

"Interest will be computed on this average monthly balance for the full period of six months, or on the average for any part of the period for which the balance is held. The interest may be deposited with the Treasurer or any Assistant Treasurer of the United States or any active designated depositary bank."

The contention that this regulation or contract does not contemplate the payment of the interest to the United States, but to whomsoever it may be due, does not impress us. Obviously the Secretary of the Treasury requires payment of it to him and the United States attorney appears in this case as amicus curiæ, contending that the interest does belong to the United States. If the Secretary of the Treasury could by virtue of section 5153 require the depositary to pay interest at the rate of 2 per cent. to the United States upon its authorized balance, including moneys deposited by courts, as a condition of being appointed a depositary, as to which we express no opinion, the court cannot because of such regulation require the depositary to pay interest to the clerk or to the trust company. Interest is payable only by contract or by statute or by way of damages in actions of tort. There was no contract between the bank and the clerk for the payment of interest on such deposits and he has received none; nor is there any statute requiring it to be paid nor is this claim one for damages.

The court below is directed to strike out of the order the provision requiring the bank to pay 2 per cent. interest to the trust company, and, as so modified, the order is affirmed.