## Petition of CLERK FOR INSTRUCTIONS RESPECTING CANCELED BANK CHECKS.

(Circuit Court of Appeals, Seventh Circuit.   October 7, 1919.)

CLERKS OF COURTS ☞61—RIGHT OF CLERK OF CIRCUIT COURT OF APPEALS TO CANCELED CHECKS; "PUBLIC MONEY;" "MONEY OF THE UNITED STATES."

Fees and emoluments received by the clerk of the Circuit Court of Appeals are not "public money," nor "money of the United States," and when deposited in bank by the clerk and checked against to pay expenses of his office, ·the Treasury Department is without authority to order his canceled checks retained by the bank, but the clerk is entitled to have them returned in the customary manner, to be preserved by him.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Money of the United States; Public Money.]

In the matter of the petition of the clerk of the Circuit Court of Appeals, Seventh Circuit, for instructions respecting custody of his paid and canceled bank checks.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

ALSCHULER, Circuit Judge.   It has been the practice of the clerk to deposit with the Corn Exchange National Bank of Chicago, a designated depositary of the United States, the receipts of his office, and to disburse same through his checks drawn upon the bank, and at the close of each month to receive back his paid and canceled checks in accordance with usual banking practice.

Under date of April 8, 1919, there was sent from the Treasury Department of the United States to said bank a communication as follows:

"The Department of Justice has reported to this department that your bank returns to Mr. Edward M. Holloway, Clerk of the United States Circuit Court of Appeals of the Seventh Circuit, at the close of each month, when his passbook is examined, all paid checks.   Under Department Circular No. 102 of December 7, 1906, depositary banks are required to retain in their files all checks of this character and to furnish the clerk of the court monthly reports of checks honored.   A supply of form No. 8 has this day been forwarded to you under separate cover, and you are requested in future to comply with Department Circular No. 102 above mentioned."

The clerk was served with a copy of such communication, and he files his petition in this court asking for the advice and direction of the court.   On the filing of the petition a rule was entered that the Treasury Department show cause why such paid and canceled checks should not be returned to the clerk.   Notice of the rule was served on the United States district attorney at Chicago, who appeared specially, stating that he had no authority to represent the Treasury Department, but he was granted leave to present the views of the Attorney General upon the subject, which were presented and duly considered.

The funds received by the clerk are derived from two distinct sources: First, such as are paid into court in litigation which is there pending, to be thereafter disposed of under the order of the court; and, second, the fees and emoluments of the clerk's office.   This being a

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

court of appellate jurisdiction, funds of the first-named kind rarely come into the hands of the clerk; but his receipts are mostly of the second kind. It would seem that the contention of the department is predicated largely on section 995, Rev. Stats. U. S. (Comp. St. § 1644), which is as follows:

"All moneys paid into any court of the United States, or received by the officers thereof, in any cause pending or adjudicated in such court, shall be forthwith deposited with the Treasurer, an assistant treasurer, or a designated depositary of the United States, in the name and to the credit of such court: Provided, that nothing herein shall be construed to prevent the delivery of any such money upon security, according to agreement of parties, under the direction of the court."

But clearly this section has application only to funds of the first-named kind. It designates money paid "in any cause pending or adjudicated in such court," and requires the deposit to be "to the credit of such court"; and we are informed that, whenever funds of such character are paid in, they are deposited to the credit of the court, and are withdrawn in the manner provided in section 996 (Comp. St. § 1645), which is as follows:

"No money deposited as aforesaid shall be withdrawn except by order of the judge or judges of said court, respectively, in term or in vacation, to be signed by such judge or judges, and to be entered and certified of record by the clerk; and every such order shall state the cause in or on account of which it is drawn. In every case in which the right to withdraw money so deposited has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, it shall be the duty of the judge or judges of said court, or its successor, to cause such money to be deposited in the treasury of the United States, in the name and to the credit of the United States."

But if it be assumed that the quoted sections have reference also to funds of the second kind, it would seem that section 798 (Comp. St. § 1326) clearly indicates what shall be done with paid and canceled checks (which would be included in the term "vouchers" as employed in that section), which section is as follows:

"At each regular session of any court of the United States, the clerk shall present to the court an account of all moneys remaining therein, or subject to its order, stating in detail in what causes they are deposited, and in what causes payments have been made, and said accounts and the vouchers thereof shall be filed in the court."

Act June 6, 1900, c. 791, § 1, 31 Stat. 639 (Comp. St. § 1400), makes provision for annual audit of the clerk's account of fees and emoluments, and for turning over to the Treasury Department the balance on hand after certain deductions, as follows:

"Clerks of the United States Circuit Court of Appeals, annually and within thirty days after the thirtieth day of June in each year, shall make a return to the Attorney General of the United States of all the fees and emoluments of their offices respectively. Such return shall cover all fees and emoluments earned during the preceding year and also the necessary office expenses for such year including clerk hire, the compensation of the clerk not to exceed five hundred dollars per annum as now provided by law. Such expenses including clerk hire shall be certified by the senior Circuit Judge of the proper circuit, and audited and allowed by the proper accounting officers of the Treasury Department. The respective clerks of the Circuit Courts of Appeals, after de-

ducting such expenses and clerk hire, shall, at the time of making such returns, pay into the treasury of the United States the balance of such fees and emoluments. In case the amounts claimed for such expenses and clerk hire have not been audited by such accounting officers prior to the time fixed for making such returns and payment, said clerks may retain the sums claimed by them respectively, until the audit is made, and in case any sum so claimed and retained is not allowed the amount disallowed shall within ten days after notice of disallowance be paid into the treasury of the United States. All laws and parts of laws so far as in conflict with this proviso are hereby repealed."

In United States v. Mason, 218 U. S. 517, 31 Sup. Ct. 28, 54 L. Ed. 1133, it was decided that the fees and emoluments so coming into the hands of the clerk are not "public money," or the "money or property of the United States," but that they are received primarily to pay compensation of the clerk and expenses of his office, and that for any balance he is not a trustee, but a debtor to the United States. In United States v. MacMillan, 251 Fed. 55, 163 C. C. A. 305, this court applied the same principle.

We find no authority in the statutes for applying to the clerk, with reference to his paid and canceled bank vouchers for disbursement of fees deposited, any different rule than is applied to other depositors. A similar situation arose in 1916 under a like direction from the Treasury Department with reference to the clerk of the District Court of the Eastern District of Wisconsin, wherein Judge Geiger, of that court, rendered an opinion in substantial accord with the foregoing. Accordingly we advise the clerk that he is entitled to receive, and that he should receive, from the bank, and should carefully preserve, all paid and canceled checks drawn upon his account therein as clerk of the court.

The clerk is directed to present a certified copy hereof to the Corn Exchange National Bank of Chicago, and upon such presentation the bank is directed to deliver to the clerk all such paid and canceled checks, which checks shall be by the clerk safely and carefully kept and preserved. The clerk is further directed to forward to the Treasury Department of the United States a certified copy hereof.