EDNA M. ROBINSON, Plaintiff, *v.* CARLYLE R. ROBINSON, Defendant.

Supreme Court, Kings Special Term, April 30, 1924.

Contempt — proceeding to adjudge person in contempt must be entitled in action in which judgment was entered — proceeding to punish for contempt for failure to pay alimony not special proceeding — Civil Practice Act, § 237, applied — general appearance on motion in action not general appearance in action — provisions of judgment for payment of alimony not enforcible where there was no general appearance by or personal service within state upon defendant in action in which motion was entitled — motion to punish for contempt denied.

A proceeding to adjudge a person in contempt must be entitled in the action in which the judgment, sought to be enforced, was entered.

A proceeding out of which an order to punish for contempt for failure to pay alimony may eventuate is not a special proceeding, but a mere proceeding or motion in an action.

Applying section 237 of the Civil Practice Act, a general appearance on a motion in an action is not a general appearance in the action, since it is a mere general appearance on the motion for defensive purposes with respect to that motion.

Accordingly, the provisions in a judgment for the payment of alimony are a nullity and a motion to punish the defendant for contempt for failure to pay the alimony will be denied, although the defendant appeared generally on the motion, where it appears that there was no general appearance by the defendant in the action in which the motion was entitled either before or after judgment and that there was no personal service upon him within the state of the summons in the action in which the judgment was entered.

APPLICATION for an order to show cause why defendant should not be punished as and for a contempt in failing to pay alimony provided for in a final decree.

*Petersen, Steiner & Kohn* (*Jerome Steiner,* of counsel), for the plaintiff.

*Robert H. Elder,* for the defendant.

CARSWELL, J. Plaintiff has brought on a motion by an order to show cause why the defendant should not be punished as and

for a contempt in failing to pay the alimony provided in a final decree. The arrears of alimony amount to $6,160, covering a period of five years. The defendant was served by publication or by an order served without the state. It is conceded that he did not appear in person or by an attorney in the action at any time up to the bringing on of this motion. The judgment, so far as it related to the payment of alimony or costs, was, therefore, a nullity. *Baylies* v. *Baylies*, 196 App. Div. 677; *Edwards* v. *Edson*, 119 id. 684; *Burch* v. *Burch*, 116 id. 865. The plaintiff, however, asserts that on this motion the defendant has appeared generally and that the retroactive effect of such appearance as has been made has given validity to the decree heretofore made and the provision therein with respect to alimony. The defendant asserts that such appearance as has been made was not voluntary; that it was a mere appearance in a proceeding which is distinct from the action, judgment in which is relied upon, and that the appearance was solely for the purpose of contesting the jurisdiction of the court to make an order jailing the defendant as for a contempt.

The paper relied upon by the plaintiff as a general appearance in this case is in the usual form in common use. It is entitled in the action, in which the judgment, that plaintiff is invoking, was entered. It reads: " Please take notice that the defendant Carlyle R. Robinson *appears in this proceeding* and that he has retained me as his attorney herein and demands that a copy of all papers *in this proceeding* be served on me at my office * * *. Dated April 8, 1924," signed by an attorney as " attorney for defendant," and is addressed to the " attorneys [naming them] for plaintiff."

This presents the question whether or not a general appearance " in this proceeding " effects an appearance *in the action* in which " this proceeding " is entitled.

Is the pending proceeding a special proceeding, distinct from the action in which it is entitled, or is it a mere motion in that action? A proceeding to adjudge a person in contempt must be entitled in the action in which the judgment was entered which is sought to be enforced by contempt proceedings. *Eastern C. S. Co.* v. *B. & M. P. I. U., Local No. 45*, 200 App. Div. 714. Such a proceeding may only be initiated by an order to show cause, or the issuance of a warrant of attachment. Judiciary Law, § 757. An order to show cause is equivalent to a notice of motion. Judiciary Law, § 761. The instant proceeding was brought on by an order to show cause. The cited provisions of the Judiciary Law were formerly contained in the Code of Civil Procedure. The

pertinent section was section 2273 of the Code of Civil Procedure. Their effect has been determined. A proceeding out of which an order to punish for contempt for failure to pay alimony may eventuate is not a special proceeding. It is a mere proceeding or motion in an action. *Jewelers' Mercantile Agency* v. *Rothschild,* 155 N. Y. 255; *Ray* v. *N. Y. Bay Extension R. R. Co.,* Id. 102; *Clark* v. *Clark,* 195 id. 612; *Matter of Steinman* v. *Conlon,* 208 id. 198, 201.

Section 237 of the Civil Practice Act prescribes how a defendant's appearance may be made. It reads as follows:

" The defendant's appearance *must be made* by serving upon the plaintiff's attorney, within twenty days after service of the summons exclusive of the day of service, a *notice of appearance,* a copy of an answer or a notice of motion raising an objection to the complaint in point of law. *A voluntary general appearance of the defendant is equivalent to personal service of the summons upon him.*"

The ways by which a general appearance can be effected are exclusively those set out in the foregoing section. *Muslusky* v. *Lehigh Valley Coal Co.,* 225 N. Y. 584. " The trend of modern decisions * * * is to the effect that a general appearance can be effected only in the manner prescribed by statute." Carmody's N. Y. Practice, § 140, and cases cited.

The notice of appearance herein, being an appearance in " this proceeding " and " this proceeding " being a mere motion in the action, presents the question squarely whether a general appearance on a motion is a general appearance in the action in which the motion is made. The predecessor statute of section 237 of the Civil Practice Act is section 421 of the Code of Civil Procedure. This latter section gave birth to the holdings that the methods by which an appearance might be effected were exclusively those set out therein. Before its adoption it was held that the signing of a notice of motion constituted a general appearance in the action (*Ayres* v. *Western R. R. Corp.,* 48 Barb. 132; *McKenster* v. *Van Zandt,* 1 Wend. 13); that is, that a general appearance on a motion was a general appearance in the action. Before the effect of the adoption of that Code provision was fully realized, there were a few decisions that did not give it full effect with respect to its exclusively prescribing the methods by which an appearance in an action might be effected. Subsequently, however, and after the adoption of the cited Code section, it became the settled rule to give it the effect its language required should be given to it. It was held that a general appearance was not effected on a motion — to open a default (*Couch* v. *Mulhane,* 63 How. Pr.

79); to set aside an attachment (*Wood* v. *Furtick*, 17 Misc. Rep. 561, 563); to vacate a judgment (*Noble* v. *Crandall*, 49 Hun, 474, 475); to make complaint more definite and certain (*Valentine* v. *Myers' Sanitary Depot*, 36 id. 201, 202); to vacate an injunction (*Regelmann* v. *South Shore Traction Co.*, 67 Misc. Rep. 590, 591). Likewise, it was held that a general appearance was not effected by an attorney indorsing a bond vacating an attachment (*Engels Express Co.* v. *Ferguson*, 79 Misc. Rep. 40); by the signing by an attorney of a stipulation accepting an extension of time to answer (*Paine Lumber Co.* v. *Galbraith*, 38 App. Div. 68, 69; *Couch* v. *Mulhane, supra*); by a clerk of an attorney signing a stipulation, which had been prepared by the plaintiff's attorney, restoring a case to the calendar, where a partner had not been served (*Duimo* v. *Arbuckle*, 166 App. Div. 86, 87).

Accordingly, the general appearance limited to " this ·proceeding," which proceeding is a motion in an action, *is not a general appearance in the action*, being as it is, a mere general appearance on the motion for defensive purposes with respect to that motion and nothing else.

There being no general appearance by the defendant *in the action* in which the motion was entitled, either before or after judgment, and there being no personal service upon the defendant, within the state, of the summons in the action in which judgment was entered, the provisions in the judgment, with respect to alimony, etc., are a nullity. The motion to punish for contempt must, therefore, be denied. No costs.

Ordered accordingly.