Johnston, J.
(dissenting). In a proposed separation action respondent procured . an ex parte order of sequestration on December 24, 1941, on the ground that appellant was not within the State or could not be found therein or was concealing himself therein so that process could not be personally served on him. It is conceded that the contemplated action never was commenced by the service of any process on appellant. In January, 1942, appellant, appearing specially solely for the purposes of the motion, moved to vacate the ex parte order of sequestration on the ground that the prima facie findings in support thereof were not in accordance with the fáets. In opposition respondent submitted an affidavit in which she asked not only that the motion to vacate be denied, but that a further order be made that appellant, by making the motion to vacate, had appeared generally “in the case” and subjected himself to the jurisdiction of the court. When the order denying appellant’s motion was submitted by respondent for signature, there was included in it an adjudication that appellant is deemed to have appeared generally in the action and that he be given ten days within which to submit his answer to the complaint (which had not been served). Respondent at that time also submitted a memorandum of law in support of her contention that she was entitled to such an adjudication in the order by reason of appellant’s participation in the “merits of the ease.” The Special Term struck out the additional provisions sought to be inserted and on April 2, 1942, signed the order stating merely that appellant’s motion was denied. In May, 1942, appellant, again appearing specially solely for the purposes of the motion, moved for reargument, claiming: (1) that he and respondent had been reconciled since the order of April 2, 1942; and (2) that there was no warrant for the granting of the original ex parte order of sequestration. The motion for reargument was granted and, on reargument, the original determination denying the motion to vacate the ex parte order of sequestration was adhered to, and on May 18, 1942, an order to that effect was entered. In April, 1946, appellant, again appearing specially solely for the purposes of the motion, moved to vacate the ex parte order of sequestration on two grounds, only • one of which is pressed on this appeal, to wit, that more than' a reasonable time has elapsed since the order was granted, within which respondent should have commenced her action. By the order appealed from, entered June 13, 1946, appellant’s motion was denied on the ground that, by making his original motion to vacate the ex parte order of sequestration and by making his motion for reargument, appellant had appeared generally in the action. The result of the affirmance of this order is that respondent, by indirection, has obtained an adjudication which was refused to her by the orders made April 2, 1942, and May 18, 1942, and from which her time to appeal has expired.
*777 It is doubtful that appellant, by appearing specially and moving in January, 1942, and again in May, 1942, to contest the validity of the ex parte sequestration order, appeared generally. (Zabriskie v. Second National Bank, 204 App. Div. 428.) Assuming, however, that by making the foregoing motions appellant has made a general appearance, the appearance could be made in the only proceeding then pending, i.e., the sequestration proceeding. The rule that where a defendant becomes an actor in the action, such conduct constitutes general appearance, has for its basis the existence of an action to which he is a party. In the case at bar, no summons in a separation action or any other matrimonial action has ever been served or attempted to be served on this appellant. Nor was any complaint ever served on appellant, although a copy of a complaint in an action for separation was served on his attorney in July, 1946, almost four and one-half years after the making of the orders of January and May, 1942. Section 1171-a of the Civil Practice Act requires the sequestration order to be made “ in an action ”, which means an action already pending or commenced at once or within a reasonable time. (Matthews v. Matthews, 240 N. Y. 28, 32-33.) There was no compliance with that provision of the statute.
The motions to vacate the order of sequestration were merely motions in the proposed separation action. A general appearance on a motion is not a general appearance in the action in which the motion is made. (Robinson v. Robinson, 123 Misc. 80, affd. 209 App. Div. 896; Weiss v. Weiss, 227 App. Div. 757.) Sequestration in a matrimonial action has been likened to the provisional remedy of attachment. (Matthews v. Matthews, supra.) A motion to vacate an attachment does not constitute a general appearance in the action (Wood v. Furtick, 17 Misc. 561), nor does a motion to vacate an injunction have that effect. (Regelmann v. South Shore Traction Co., 67 Misc. 590.) A motion to vacate an ex parte order of sequestration can have no other or greater effect.
The order appealed from should be reversed and the motion to vacate the ex parte order of sequestration granted,
Hagarty, Acting P. J., Adel, Nolan and Sneed, JJ., concur in decision; Johnston, J., dissents and votes to reverse the order and to grant the motion to vacate the order of sequestration, in opinion.
Order denying defendant’s motion to vacate an order of sequestration affirmed, with $10 costs and disbursements. [See post, p. 824,]